313 So.2d 413 (1975)
STATE of Florida ex rel. FLORIDA PAROLE AND PROBATION COMMISSION and Raymond D. Massey, Superintendent, Union Correctional Institution, Appellants,
v.
John D. HELTON, Appellee.
No. W-161.
District Court of Appeal of Florida, First District.
June 3, 1975.
Rehearing Denied July 22, 1975.
*414 Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellants.
Mack S. Futch, Public Defender, and Alan R. Parlapiano, Asst. Public Defender, for appellee.
JOHNSON, Judge.
The State seeks reversal of the trial court's issuance of a writ of habeas corpus directing either the release of appellee or, in the alternative, the holding of a post-acquittal hearing to determine whether there are facts and circumstances, other than the alleged violation of law for which appellee was acquitted by a jury, to justify a revocation of appellee's parole.
Appellee was released on parole on March 6, 1973 from a previous sentence of breaking and entering, and this parole was to continue through August 26, 1980. Among the conditions of his parole was to "live and remain at liberty without violating the law." After a twelve day period of maintaining surveillance on appellee by the Gainesville Police Department, appellee was arrested on August 30, 1973, and was charged with the felony offense of receiving stolen property or auto larceny. Pursuant to the terms of F.S. §§ 949.10 and 949.11, appellee received a timely hearing before a member of the Parole and Probation Commission. There is no contention made herein that such hearing did not comport with the essential requirements of law. Thereafter, the Commission recommended that appellee's parole be revoked, based upon the facts adduced at the hearing.
Approximately five months later, in February of 1974, appellee went to trial on the charges of receiving stolen property or auto larceny and was acquitted by a jury. He subsequently filed his petition for writ of habeas corpus, appellant filed its return to the rule to show cause why appellee should not be released from custody and a hearing was held. The trial court issued the writ of habeas corpus appealed herein, finding that the subsequent acquittal on the merits of the alleged violation of law, which alleged violation gave rise to the revocation of appellee's parole, was a bar to the revocation of the parole for the same grounds. As noted above, the trial court directed appellant to either release appellee from custody or, in the alternative, to afford appellee a "post-acquittal hearing" to determine whether there are other facts and circumstances from which specifics can be made to justify a revocation of appellee's parole. And, in the event of such a hearing, the alleged violation of law which resulted in the acquittal should not be considered a circumstance giving rise to grounds for revocation.
We are thus faced with one issue: whether or not the trial court erred in holding that a subsequent acquittal on the merits of an alleged violation of the law, which alleged violation gave rise to the revocation of parole, is a bar to the revocation *415 for the same grounds. After a careful consideration of the record in this cause, the applicable statutory and case law on the subject, and the briefs and oral argument of the parties, we are compelled to hold that the trial court did err in its finding and in issuing the writ.
It has long been recognized that upon review of a probation or parole revocation, the question is whether the revoking authority has abused its discretion. Proof sufficient to support a criminal conviction is not required to support a discretionary order revoking parole. In a revocation proceeding after a subsequent arrest on a felony charge, the question to be determined is not only by evidence of guilt of the offense for which the parolee is charged, but by evidence as to good behavior during the period of parole. Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947). As was stated in a quote from the case of Bernhardt v. State, 288 So.2d 490, 498 (Fla. 1974):
"There is no presumption of innocence in the probation revocation process, at least not in the sense in which the phrase is used with reference to the criminal process."
And, as stated in Morrissey v. Brewer, 408 U.S. 471 at 480, 92 S.Ct. 2593 at 2600, 33 L.Ed.2d 484 at 494 (1972):
"... Parole arises after the end of the criminal prosecution, including imposition of sentence... . Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions."
A parole revocation proceeding is not a criminal prosecution in any sense. It's purpose is to make a determination through a narrow inquiry: whether the parolee has violated the conditions of his parole. It has been held by the Courts of this State on numerous occasions and it is obvious from F.S. § 949.11, which requires a hearing to be held within 10 days, that a formal conviction of a crime is not essential to enable the proper authority to revoke parole or probation. Contrary to the contention of appellee, whether or not a crime itself has been committed is not determinative of the issue of whether or not a parole violation has occurred.
We have closely examined the transcript of the revocation hearing and find therein facts and evidence sufficient upon which to base a revocation. The fact that the trial jury considered the question of entrapment and subsequently found appellee not guilty of the criminal charge has no bearing on the sufficiency of grounds to revoke. The revocation hearing transcript reveals that after a twelve day period of surveillance on appellee and his associates, eight or nine police officers, who were members of a task force, tracked appellee and two or three other persons for 3 hours while they travelled in a borrowed truck. The truck was observed going through several apartment complexes. The stolen motorcycle was placed in the truck and appellee was subsequently arrested. Appellee at first stated that he was merely a hitchhiker when he was caught up in the arrest. He later "leveled" with his parole officer and explained the event by saying that an unknown individual asked him for help in picking up his motorcycle which had broken down. At the hearing, there were allegations of entrapment, due to the number of law enforcement officers involved and the fact that the unknown third person escaped. Nevertheless, we feel that there was sufficient evidence to support the Commissioner's finding that appellee had violated the terms of his parole by having in his possession stolen property. The fact that a jury later acquitted appellee on the charge of receiving stolen property or auto larceny has absolutely no bearing on the decision to revoke appellee's parole, when that decision was not the result of an abuse of discretion. The Commission *416 is required by statute to hold a hearing within 10 days of a felony arrest of a probationer or parolee and make a decision as to revocation on the basis of the information presented at the hearing, regardless of whatever action is, or may not be, taken in a court of law.
Accordingly, we reverse and quash the Writ of Habeas Corpus appealed herein and remand this cause to the trial court for further proceedings consistent with the views expressed above.
RAWLS, C.J., and MILLS, J., concur.