419 So.2d 728 (1982)
Bruce Allen DAVIDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 81-2299.
District Court of Appeal of Florida, Second District.
September 15, 1982.
Jerry Hill, Public Defender, and Bryan E. Hopkins, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
CLARKE, THOMAS L., Jr., Associate Judge.
After pleading guilty to uttering a forged instrument, Bruce A. Davidson was placed on probation for three years. As a condition of probation the court ordered him to successfully complete the Teen Challenge Program. After being enrolled in the program for several months, Davidson was suspended for thirty days for leaving the premises where the program was located. After his suspension ended he returned, and the program supervisor asked him whether he wanted to be there or not. Davidson advised that he did not want to be there, whereupon on October 2, 1981, the program supervisor, with the approval of Davidson's probation officer, told him to go home. A travel permit was issued by the probation officer permitting Davidson to go to Georgia to live with his parents. He thereafter obtained employment and maintained contact with his probation officer as required. Upon making a required call to his probation officer on October 16, 1981, Davidson was advised that the sentencing judge had directed that a violation of probation charge be filed due to Davidson's failure to successfully complete the Teen Challenge Program. A warrant charging the violation was executed on October 26, 1981, and a hearing followed on November 2, 1981. At the hearing it was clearly established that Davidson had not completed the program; however, Davidson himself offered the only direct testimony concerning his termination. The trial judge found Davidson *729 guilty of violating the condition of his probation regarding the Teen Challenge Program, revoked his probation, and sentenced him (pursuant to the Youthful Offender Act) to four years in prison followed by one year on probation.
Davidson contends that since his termination was with the consent and approval of the program supervisor and his probation officer, it did not constitute a violation of probation. He notes that he continued to comply with the other conditions of his probation (reporting, restitution, etc.). The record reflects that it was on October 16, 1981, when Davidson first realized that his termination of the program might result in a violation of probation charge.
The violation triggering a revocation of probation must be willful and substantial. Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980); Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978). Before one's probation may be revoked for failure to continue a program which is a condition thereof, the probationer must be in some way responsible for his failure. Curry v. State, 379 So.2d 140 (Fla. 4th DCA 1980). While it could arguably be said that Davidson was responsible for his failure to complete the program by advising the supervisor that he did not want to be there, it must be recognized that a probationer's desires may often be inconsistent with his willingness to comply with a condition of his probation. Davidson testified at the hearing on November 2, 1981, that he honestly did not want to be in the program; he preferred being at home, employed, and restructuring his life. That may have also been his desire before he entered the program, but he entered it anyway. He appeared to be available and willing to continue the program when asked about his desire. After expressing his desire he was released. It appears reasonable for Davidson to have assumed that being given an opportunity to express his desire and being provided with a permit to go home and there being no suggestion he was jeopardizing his probation, that he left the program with the approval of those in authority. There was no testimony reflecting a willful intention by Davidson to contravene the conditions of his probation. Such must be shown before a revocation is in order.
The decision of the trial court revoking Davidson's probation is reversed, and the cause is remanded for reinstatement of the order placing him on probation.
GRIMES, A.C.J., and CAMPBELL, J., concur.