490 So.2d 229 (1986)
Joseph DRAYTON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1771.
District Court of Appeal of Florida, Second District.
June 25, 1986.
James Marion Moorman, Public Defender, Bartow, and Karla Foreman Wright, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Acting Chief Judge.
Appellant, Joseph Drayton, appeals from a thirty month sentence imposed upon him for violating probation. We reverse.
On November 1, 1984, appellant was placed on probation for the offense of aggravated assault. On January 2, 1985, he was taken into custody and was charged with aggravated battery. On January 25, 1985, appellant was charged with violating condition (1) of his probation by failing to submit a monthly report on or before January 5, 1985, and condition (2) by failing to pay costs of supervision. He was also charged with two violations of condition (5) by being in possession of a weapon without the consent of his probation officer and by being arrested for aggravated battery after stabbing someone with a knife.
At the probation revocation hearing, the state nolprossed the aggravated battery charge and presented evidence only on the first two conditions appellant had been charged with violating. Appellant's probation officer testified that appellant had failed to report to the probation office and submit a written monthly report between the 1st and 5th of January and that appellant failed to pay the costs of supervision for the months of November and December. The probation officer also testified that although he had been told that appellant was working, he had no knowledge as to whether appellant was earning an amount sufficient to pay the costs of supervision. Appellant testified that he had been unable to report to his probation officer and complete the written report within the required time period because January 1 was a holiday and he had been in custody from January 2 through January 5, 1985. He also testified that he had been unemployed *230 during the months of November and December.
At the conclusion of the hearing, the court orally found appellant guilty of violating conditions (1) and (2) of his probation. A written order of revocation was subsequently filed setting forth the court's findings that, in addition to violating conditions (1) and (2), appellant was guilty of two violations of condition (5). The written order also stated that appellant pled guilty on July 18, 1985. Appellant's probation was revoked, and he was sentenced to serve thirty months in state prison. This appeal timely followed.
Appellant contends there was insufficient evidence to support the revocation of his probation. We agree.
The violation triggering a revocation of probation must be willful and substantial. Davidson v. State, 419 So.2d 728 (Fla. 2d DCA 1982). The probation officer testified that appellant violated condition (1) by failing to report to the probation office and submit his monthly report. In order to be timely, the report had to be submitted by the fifth day of January. January 1, however, was a legal holiday, and appellant was in custody between January 2 and January 5. There was, therefore, no evidence from which the trial court could properly conclude that appellant had the ability to file the monthly report but willfully failed to do so. See Davidson; Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980).
The trial court also erred in finding appellant guilty of violating condition (2) by failing to pay costs of supervision. Both in his affidavit alleging the violation and in his testimony, the probation officer stated he did not know whether appellant had the ability to pay the costs of supervision. The appellant's testimony indicates, moreover, that he did not have the ability to pay. Appellant's probation was therefore improperly revoked for violating this condition. See Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979); Shaw.
Finally, we find the trial court erred in entering a written order indicating that appellant had pled guilty to the violations and that his probation had been revoked on the additional violations of condition (5). Underwood v. State, 455 So.2d 1133 (Fla. 2d DCA 1984); Sing Eng v. State, 350 So.2d 559 (Fla. 2d DCA 1977). In view of our disposition of the case, however, it is not necessary for us to order those findings stricken from the order of revocation.
We, accordingly, reverse and remand with instructions to reinstate appellant's probation.
Reversed and remanded.
LEHAN and FRANK, JJ., concur.