520 So.2d 320 (1988)
Roland MOLINA, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2841.
District Court of Appeal of Florida, Second District.
February 26, 1988.
*321 Elizabeth L. Hapner, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alan L. Overton, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Roland Molina appeals revocation of his probation based upon his failure to comply with instructions given by his probation officer. He argues that the violations were not willful or substantial. We agree and reverse.
In July 1986 Molina pled guilty to robbery without a weapon, a second-degree felony, and was placed on probation for fifteen years. On October 11, 1986, an affidavit was filed alleging Molina violated a condition of probation, which required him to "comply with all instructions [your probation officer] may give you," by failing to contact twenty prospective employers during a day-long job search, and by not properly documenting his time on this job search.
A second affidavit alleging the same violation was later filed, adding that Molina had been accompanied by his father on the job search, contrary to rules of the restitution center and verbal instructions of the probation officer.
At the revocation hearing, evidence before the court indicated that Molina committed the alleged offenses during his first week of probation. Molina presented a list of fifteen business establishments that he had contacted on the date in question. He testified that he made his own list of business contacted to comply with the instructions because some potential employers had refused to sign the list prepared by the restitution center. He further testified he had received four job offers. Molina's father, who drove him to each business location, verified that he actually visited the fifteen businesses. Molina's parents testified that they both understood from a probation officer that they were to help their son complete the probation program in any way and that the father drove him to the job sites in order to assist him.
Molina continued in the program for over two weeks before being arrested for this violation, though some temporary disciplinary measures were taken against him. During this time he had no other violations and was employed full-time by a company he had contacted during the job hunt.
After hearing the evidence, the trial judge adjudicated Molina guilty, revoked his probation and sentenced him to seven years in prison with credit for time served. Following the denial of his motion for mitigation, Molina filed this appeal.
The standard of review on a probation revocation is whether the trial court abused its discretion. Holt v. State, 385 So.2d 1133 (Fla. 5th DCA 1980); Florida Parole and Probation Commission v. Helton, 313 So.2d 413 (Fla. 1st DCA 1975). We have previously held that any violation triggering a revocation of probation must be willful, and that the greater weight of the evidence must show that the violation is substantial. Davidson v. State, 419 So.2d 728 (Fla. 2d DCA 1982); Wheeler v. State, 344 So.2d 630 (Fla. 2d DCA 1977).
This court has refused to find technical violations sufficient to justify revocation. When the revocation is based on failure to complete a program, we have required a showing that the failure is the probationer's fault. Davidson v. State, 419 So.2d 728 (Fla. 2d DCA 1982). For example, in Jordan v. State, 412 So.2d 970 (Fla. 2d DCA 1982), this court reversed revocation of probation where the facts showed that three of the appellant's monthly reports were eleven days late because he was in the hospital. The court found that such violations were not substantial or willful.
The greater weight of the evidence does not support the finding that the actions of Molina were willful or substantial. We therefore reverse the order of the trial *322 court revoking Molina's probation and remand the cause with instructions to reinstate the order of probation.
Reversed and remanded.
LEHAN, A.C.J., and PARKER, J., concur.