529 So.2d 726 (1988)
Willie HIGHTOWER, a/k/a Willie Thomas, Appellant,
v.
STATE of Florida, Appellee.
No. 87-664.
District Court of Appeal of Florida, Second District.
May 27, 1988.
James Marion Moorman, Public Defender, and Laura Griffin, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Appellant Hightower challenges the trial court's revocation of his probation for failure to comply with a condition of that probation. We reverse.
On April 21, 1983, Hightower pled guilty to possession of a controlled substance. He was sentenced to five years probation on July 9, 1984, with a special condition that he serve 364 days in the Lee County jail. Hightower completed the 364-day jail sentence by serving time in the Lee County and Polk County jails, and the Polk Correctional *727 Institute. Hightower was then transferred to the state of Georgia to serve for a period extending from March 15 through December 4, 1985, on a parole violation in that state. The July 9, 1984, order placing Hightower on probation listed the conditions of his probation. Under condition nine, Hightower was required to report immediately to the Department of Corrections' office in Fort Myers upon his release from prison on the 364-day sentence. Condition one, also contained in that order, commanded Hightower to file monthly reports with the probation officer. On August 1, 1986, Hightower was charged by affidavit with failure to make monthly reports for the months of December 1985 through July 1986, resulting in a probation violation.
At Hightower's hearing on that violation charge, no evidence was presented that Hightower received a copy of the probation order or that the conditions of the probation had been explained to him at the time that he was placed on probation. Rather, the only evidence is to the contrary. Hightower's signature does not appear in the space furnished on the bottom of the probation order for the probationer to acknowledge that he received a certified copy of the order and was informed of the conditions imposed in the order.
Nor does the record provided to this court reflect that the sentencing judge who initially placed Hightower on probation instructed him at that time that he was required to report monthly to a probation officer following his release from jail as a condition of his probation. The following testimony was offered at Hightower's violation of probation hearing:
JUDGE: Do your records indicate whether the defendant was ever instructed on his rules and conditions of probation? PROBATION OFFICER: I don't have a certified copy of orders with a signature on it, but he definitely was instructed to report to probation when he was in court.
However, there is no evidence in the record demonstrating that the probation officer who testified at that hearing was the same officer who was present in court at the time that Hightower's probation was originally imposed. There is also no explanation offered by the testifying officer that would establish her basis for making such a statement, i.e., that Hightower was told to report when he was placed on probation.
A violation which triggers a revocation of probation must be willful and substantial and the willful and substantial nature of the violation must be supported by the greater weight of the evidence. Molina v. State, 520 So.2d 320 (Fla. 2d DCA 1988); see also Drayton v. State, 490 So.2d 229 (Fla. 2d DCA 1986). The record before this court is not clear as to whether Hightower was advised of the condition that he report to a probation officer. The lack of clarity on this point is supported by the absence of Hightower's signature on the probation order that would signify that he was apprised of the conditions of his probation. The greater weight of the evidence presented at Hightower's violation of probation hearing, therefore, does not support a finding of a willful and substantial violation. Molina.
We, therefore, vacate the order revoking Hightower's probation and the judgment and sentence entered upon the revocation of probation.
SCHEB, A.C.J., and SCHOONOVER, J., concur.