610 So.2d 36 (1992)
John Timothy HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03003.
District Court of Appeal of Florida, Second District.
December 2, 1992.
James Marion Moorman, Public Defender, Bartow, and Tonja R. Vickers, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Acting Chief Judge.
John Timothy Harris appeals an order revoking his community control contending that the violations were not willful or substantial. We reverse.
The appellant pled guilty to delivery of cocaine.[1] At sentencing, he was classified as a habitual offender and placed on community control for two years with a condition of one year in the county jail.
After his release from jail, he was charged with two failure to report violations. The first violation occurred the day of his release when he did not immediately report to his community control officer as instructed. He was released on a Friday *37 and did not report until the following Monday because, according to his testimony, his community control officer told him to report the following Monday if he were released after 1:00 p.m. on a Friday. The community control officer did not deny this, but testified it would have been standard procedure for the appellant to report on Friday if he were released at 1:00 p.m.
As to the second violation, the evidence showed that when the appellant telephoned the community control office at a later date to discuss his transfer to Orlando, he was told to make an appointment, which he did not do. The appellant contends that he had decided not to pursue the transfer because he had no place to live in Orlando and knew the request would be denied.
After revoking the appellant's community control, the trial court sentenced him to thirty years in prison as a habitual offender. The guidelines recommendation was five and a half to twelve years in prison.
A violation which triggers a revocation of probation must be willful and substantial. Hightower v. State, 529 So.2d 726, 727 (Fla. 2d DCA 1988). Although a trial court has broad discretion to determine whether a term of probation has been violated, the greater weight of the evidence in this case does not support the court's determination that the appellant's actions were willful and substantial. See id.
The appellant made a reasonable attempt to comply with the conditions of community control. His failure to report and to make an appointment was more the result of miscommunication or confusion than a deliberate act of misconduct.
We therefore reverse the order of revocation and remand for the reinstatement of the appellant's community control.
Reversed and remanded.
PARKER and BLUE, JJ., concur.
NOTES
[1] § 893.13(1)(a)1., Fla. Stat. (Supp. 1990).