682 So.2d 1214 (1996)
Armando McCUMBER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-04251.
District Court of Appeal of Florida, Second District.
November 13, 1996.
*1215 James Marion Moorman, Public Defender, and Diane Buerger, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
RYDER, Acting Chief Judge.
We reverse the order of revocation of probation because the evidence does not evince a substantial and willful violation.
Following a plea of no contest and adjudication of guilt for one count of engaging a child in sexual activity in violation of section 794.041, Florida Statutes (1991), Armando McCumber was sentenced to three years' imprisonment followed by ten years' probation. The two probation conditions at issue are:
(19) You will have no contact with any female child under the age of eighteen without an approved adult present. Said contact must be previously approved by your Probation Officer.
(20) During the period of this probation, you are not to initiate or have association with victim (daughter).
In July 1994, Mr. McCumber's probation officer filed an affidavit of violation of probation condition (20), alleging that the probationer admitted to him that he had initiated contact with the victim by speaking to her on the telephone. At the probation revocation hearing, the appellant's daughter testified that it was her mother's idea to place a multi-line telephone call to the appellant on Father's Day and that the appellant knew nothing about the surprise. The appellant testified that he received a telephone call from his estranged wife, but that he did not know that his daughter was on the third line until she spoke. He did not have a telephone, and in order to contact him, his wife first called his neighbor who relayed the message to him to wait for a later call. After speaking with his daughter, he terminated the telephone call even though he did not initiate it. He did not know where his daughter lived and he never made any effort to contact her in any way.
The appellant's probation officer testified that other than this one telephone conversation, he did not believe that the appellant had had any contact with his daughter. The appellant voluntarily told him that he had received a call from his wife and daughter. His testimony does not support the allegation that the appellant initiated the contact.
The judge found that the appellant did not initiate the conversation, but that his continued conversation with his daughter violated his probation in that he had association or contact with her. In effect, this finding shows a violation of a hybrid of conditions (19) and (20).
A violation which triggers a revocation of probation must be willful and substantial. *1216 Harris v. State, 610 So.2d 36, 37 (Fla. 2d DCA 1992). The greater weight of the evidence must show that the violation is substantial. Davidson v. State, 419 So.2d 728 (Fla. 2d DCA 1982). The standard of review on a probation revocation is whether the trial court abused its discretion. Molina v. State, 520 So.2d 320 (Fla. 2d DCA 1988).
No testimony supports the conclusion that the appellant initiated the telephone call. The court specifically found that the appellant had not initiated the contact as alleged in the affidavit. No evidence supports the conclusion that the appellant knew that his daughter was on the telephone until she spoke to him. Although they spoke briefly about school and her brother, the appellant terminated the conversation with her.
The evidence does not support the conclusion that the appellant initiated or associated with his daughter in violation of condition (20). To associate with another contemplates a companionship or relationship with another. The appellant's action in receiving a telephone call without knowledge of his daughter's presence on the line does not equate with his association with her. Even had the probation officer alleged a violation of condition (19) that he had contact with a female child without an approved adult present, the appellant could not have obtained the previous approval of his officer when he had no knowledge that his daughter would call.
We conclude that the instant violation was neither willful nor substantial, and that the trial judge abused his discretion in revoking probation. Accordingly, we reverse the order of revocation of probation and sentence and direct the trial court to continue the previously imposed probation.
Reversed and remanded.
DANAHY and LAZZARA, JJ., concur.