QUINCE, Judge.
Patrick Davis challenges the trial court’s order revoking his community control and sentencing him to 4.5 years’ imprisonment. He alleges the court erred by revoking his community control because the state failed to present sufficient evidence to prove his violations were willful and substantial. We affirm the trial court’s order as to Davis’ violation of condition 5 but strike the court’s findings as to violations of conditions 2, 3, 15, and 19 because the state failed to produce sufficient evidence of Davis’ willful and substantial violation of these conditions. See Molina v. *896 State, 520 So.2d 320 (Fla. 2d DCA 1988). We also strike the trial court’s written findings as to certain violations of condition 12 because they do not conform with the court’s oral findings. We affirm Davis’ judgment and sentence in all other respects.
The state alleged ten violations of community control condition 12 which required that Davis remain confined to his residence. The trial court found Davis in violation of condition 12 on seven separate occasions; however, the revocation order indicates that Davis was found guilty of all ten alleged violations. On remand, the revocation order should be amended to conform with the court’s oral findings. Clark v. State, 510 So.2d 1202 (Fla. 2d DCA 1987).
The state also alleged that Davis violated community control condition 19 — to complete 100 hours of community service at ten hours per month. According to his community control officer, Davis completed 11 hours of community service in May 1996. While he failed to complete any community service hours in April 1996, this does not sufficiently demonstrate a willful and substantial violation of condition 19.
Finally, the state alleged violations of community control conditions 2, 3 and 15. There is no evidence in the record to support these alleged violations; therefore, we also strike the court’s findings as to Davis’ violation of community control conditions 2, 3 and 15. On remand, the revocation order should be amended to show violations of conditions 5 and 12 only.
Affirmed in part, reversed in part and remanded.
CAMPBELL, A.C.J., and PATTERSON, J., concur.