NORTHCUTT, Judge.
The State bemoans the circuit court’s order dismissing an affidavit of violation of *994 Bruce Casner’s community control. We reverse, not to direct a revocation, but instead to permit the circuit court to reconsider its decision in light of its discretion to dismiss the affidavit or to revoke, modify, or continue Casner’s community control.
Casner’s community control officer filed an affidavit of violation alleging that Cas-ner was absent from his residence without permission on November 23, 2000, and December 16, 2000. Concluding that the evidence reflected a misunderstanding between Casner and his officer about the permitted duration of an approved shopping trip on December 16, the circuit court declined to find a violation on that date.
As for the November 23 incident, Cas-ner acknowledged that he knowingly left his home without permission in order to attend a family Thanksgiving dinner. Even so, the circuit court posited that under Second District case law it could not revoke Casner’s community control based on this single absence. For that reason, it dismissed the revocation proceeding.
We write to emphasize that, in fact, a court may revoke a defendant’s community control based on a single violation. Berthiaume v. State, 755 So.2d 804 (Fla. 2d DCA), review denied, 773 So.2d 54 (Fla.2000). Moreover, community control is a very intensive, supervised custody in the community, and “remaining in one’s residence during the specified times is. indeed a vital component of a community control program.” State v. Meeks, 789 So.2d 982, 986 (Fla.2001). Upon finding a violation of community control, the court may revoke, modify, or continue it in the court’s discretion. § 948.06(1), Fla. Stat. (2001); Brown v. State, 455 So.2d 635, 635-36 (Fla. 5th DCA 1984).
The order under review was founded on the circuit court’s mistaken belief that it lacked discretion to revoke, modify, or continue Casner’s community control when, in fact, it did possess such discretion. Therefore, we reverse the order and remand to permit the court to reconsider its decision. In so doing, we express no preference for any of the discretionary remedies the court may choose to apply in this case. See Simpkins v. State, 784 So.2d 1203, 1204 (Fla. 2d DCA 2001); Marchetta v. State, 766 So.2d 1126, 1127 (Fla. 2d DCA 2000); Driscoll v. Sharp, 711 So.2d 573 (Fla. 2d DCA 1997).
WHATLEY and CASANUEVA, JJ., concur.