890 So.2d 459 (2004)
Gary Mark HICKS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1805.
District Court of Appeal of Florida, Second District.
December 29, 2004.
*460 James H. Buzbee, Plant City, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Gary Mark Hicks appeals an order revoking his sexual offender probation and sentencing him to 151 months' imprisonment. The revocation arises out of Mr. Hicks' operation of a retail pet store in a mall. Because both the trial court and the probation officer had permitted Mr. Hicks' to continue his pet business for several years while he was on probation, and because the acts alleged to be violations are not inconsistent with the special terms of his probation, the trial court lacked competent, substantial evidence to support a finding of a willful and substantial violation of probation. Accordingly, we reverse and remand with instructions to reinstate Mr. Hicks' probation.
In 1999, pursuant to a negotiated plea agreement, Mr. Hicks was placed on two years' community control to be followed by eight years' probation for two counts of lewd and lascivious acts and one count of unlawful sexual activity with a minor. Mr. Hicks was designated a sexual predator and was required to receive sex offender supervision. Two of the standard conditions of supervision imposed upon Mr. Hicks are particularly relevant here. Condition 9 of the general standard conditions required Mr. Hicks to "promptly and truthfully answer all inquiries" directed to him by his supervising officer. Condition 72 of the standard sexual offender conditions provided: "You will not work for pay or as a volunteer at any school, day care center, park, playground or any other place where children regularly congregate."
At the time of Mr. Hicks' plea, he earned his livelihood through the operation of a retail pet store at a flea market. The parties and the court contemplated that Mr. Hicks would continue to operate this business, and therefore two special sexual offender conditions were imposed. Mr. Hicks was prohibited from employing any person under eighteen years of age in his business, and he was required to post a sign at the store at all times prohibiting any person under age eighteen from entering the store unless accompanied by an adult.
Between 1999 and February 2004, Mr. Hicks continued to operate his retail pet store with the knowledge of his probation officer. During this time, Mr. Hicks relocated his retail pet store to a storefront in a strip mall. When his probation officer objected, Mr. Hicks obtained a clarification from the court that permitted him to operate the business in the strip mall. Mr. Hicks also obtained a modification of the terms of his supervision that acknowledged that he was permitted to operate the wholesale portion of his pet business at his residence, but that the business at his residence was to be "strictly wholesale." Mr. Hicks was also explicitly permitted to *461 attend trade shows where wholesale business was conducted.
On February 9, 2004, Mr. Hicks' probation officer met with him regarding an unrelated matter. Mr. Hicks informed the officer that he was looking into a new business venture. The probation officer asked what the venture was, but Mr. Hicks replied that he did not want to tell the officer the details until it was a "done deal." According to the probation officer, she "sarcastically" asked Mr. Hicks, "You're not going to open up a daycare or a store where children congregate?" Mr. Hicks reiterated that he did not want to disclose the details until it was a done deal. According to the probation officer, "That was basically it."
The next day, Mr. Hicks signed a lease for the new business venture and called the probation officer to inform her of the details. Mr. Hicks explained the business was a kiosk in the center of a mall near the food court. Mr. Hicks planned to sell turtles and fish at the kiosk. He explained that he had an older employee who would operate the business and that his involvement would be limited to delivering the supplies and occasionally relieving the employee for brief breaks. The probation officer did not object to this new business arrangement, but instructed Mr. Hicks to post a sign at the kiosk at all times prohibiting people under age eighteen from approaching the booth without adult supervision, as he was required to do at his other retail location. Mr. Hicks posted the sign.
Thereafter, on two occasions, Mr. Hicks was seen at the mall kiosk. He was observed for a minute standing beside the kiosk on February 13, 2004, conversing with a woman who was sitting in the business chair provided for the kiosk. On February 17, 2004, he was observed approaching the kiosk with another man. The two men spoke with the woman working at the kiosk, and the woman left the kiosk and headed for the food court and restroom area. The second man went to the loading dock, and Mr. Hicks was at the booth alone for approximately ten to fifteen minutes. On both of these occasions, the witnesses testified that no children approached the booth or were congregating around it and that any children in the general area of the booth were accompanied by adults.
The affidavit of violation of probation alleged that Mr. Hicks willfully violated probation by not truthfully and promptly responding to his probation officer's inquiry regarding the business and by working at the business. The State thus had the burden of proving by the greater weight of the evidence that Mr. Hicks committed a willful and substantial violation of these terms of his probation. See Grizzard v. State, 881 So.2d 673, 675 (Fla. 5th DCA 2004).
Trial courts must consider each violation on a case-by-case basis for a determination of whether, under the facts and circumstances, a particular violation is willful and substantial and is supported by the greater weight of the evidence. In other words, the trial court must review the evidence to determine whether the defendant has made reasonable efforts to comply with the terms and conditions of his or her probation. See Thorpe v. State, 642 So.2d 629 (Fla. 1st DCA 1994); Stevens v. State, 599 So.2d 254 (Fla. 3d DCA 1992).
State v. Carter, 835 So.2d 259, 261 (Fla.2002). Under the unusual facts of this case, the State never presented competent, substantial evidence to support a finding that Mr. Hicks willfully violated the terms of his probation.
As to answering the question of his probation officer, as explained earlier, the *462 probation officer testified that she asked Mr. Hicks a single question while using a sarcastic tone of voice. When he told her he did not want to tell her the details of his business venture until it was a "done deal," she did not follow up with another question to indicate that her question was a serious one requiring an immediate answer. Given the officer's description of the question and answer, Mr. Hicks' failure to more fully answer the question was not a willful violation. Further, it is undisputed that Mr. Hicks provided the requested information the next day upon signing a lease for the business.
As to working where children regularly congregate, we recognize that reasonable people may differ in their opinions as to what constitutes a place where children regularly congregate. The places specifically listed in the condition-day care centers, schools, parks or playgrounds-are places that cater primarily to children as compared with a mall that acts as a business establishment for adults and children alike. It is not clear whether a job at an adult clothing store in the mall would be treated the same as a job in a toy store.
In this case, we do not take issue with the trial court's conclusion that a mall may be a place where children regularly congregate. However, both the court and the probation officer had long permitted Mr. Hicks to operate a retail pet store in a flea market and a strip mall. When informed about the kiosk, the probation officer gave Mr. Hicks tacit approval to operate the business. If the probation officer concluded that the business was totally inappropriate and explicitly informed Mr. Hicks of this, Mr. Hicks could have altered his business plan or sought a clarification from the court, as he had in the past. Mr. Hicks' actions in being present at or working at the kiosk for limited periods of time under conditions similar, or more restrictive, to those under which he was permitted to operate and work at his other retail pet businesses did not support a finding of a willful violation of his probation in light of the special conditions authorized by the court and the probation officer. See, e.g., Hightower v. State, 529 So.2d 726 (Fla. 2d DCA 1988) (reversing revocation of probation for failure to file monthly reports for eight months where record did not contain evidence the probationer was advised of this requirement). Rather, in this case, the evidence demonstrated that Mr. Hicks was making reasonable efforts to comply with the terms of his probation.
We note that the result probably would be different if the probation officer or the court had clearly communicated to Mr. Hicks, prior to the filing of the affidavit of violation, that his limited role in operating this business would trigger a violation, or if they had specifically instructed him not to open the business. By this opinion, we are not advocating that sex offenders be allowed to run retail pet stores; however, because the State failed to prove that Mr. Hicks committed willful violations of the terms of his probation, we must reverse the order revoking probation and remand with directions to reinstate Mr. Hicks' probation.
Reversed and remanded with instructions to reinstate probation.
FULMER, J., Concurs.
VILLANTI, J., Concurs specially.
VILLANTI, Judge, Specially concurring.
I fully concur in the majority opinion because it is the legally correct result. I write separately to point out the need for a revision of the language of the standard condition of probation for sex offenders that allowed Mr. Hicks to sell fish and *463 turtles in a mall just feet away from Build-a-Bear and the Disney Store.
Condition 72 of the standard sexual offender conditions, section 948.03(5)(a)(6), Florida Statutes (1999), prohibits a sexual offender whose victim was under age eighteen from "working for pay or as a volunteer at any school, day care center, park, playground, or other place where children regularly congregate." This condition contains a list of specific prohibitions  the places a sex offender may not work or volunteer  followed by a general prohibition on working or volunteering any place children may congregate. One maxim of statutory construction, ejusdem generis, dictates that when "an enumeration of specific things is followed by some more general word, the general word will usually be construed to refer to things of the same kind or species as those specifically enumerated." Green v. State, 604 So.2d 471, 473 (Fla.1992). This maxim leaves room for the argument that "other place where children regularly congregate" can refer only to places of the same type as those enumerated. These enumerated places appear to be designed specifically for children and to cater solely to their education or enjoyment. Therefore, under this maxim of statutory construction, any destination that only collaterally attracts children and is not designed for their specific use  such as libraries, zoos, theme parks, or malls  would not be included in the term "other place where children regularly congregate."
Although it was not necessary in this case to reach the issue of whether the maxim of ejusdem generis would allow Mr. Hicks to maintain his business in the mall, the possibility remains for other, similar sex offenders to secure employment in places children often frequent with their parents but that are not designed specifically for children. Such a situation could be prevented with a simple rewording of the condition such that the general term would be followed by a delineation of the more specific terms. Adding other examples of places where children regularly congregate would, of course, expand the reach of prohibitions and prevent situations such as this one. The condition could be revised as follows: "If the victim was under age eighteen, a prohibition on working for pay or as a volunteer at any place where children regularly congregate, including, but not limited to, schools, day care centers, parks, playgrounds, libraries, zoos, theme parks, and malls."
Absent a legislative amendment to the standard conditions of probation, a trial court still has the alternative of imposing its own additional conditions. § 948.03(2), Fla. Stat. (2003). Thus, a trial court could add a condition of probation worded similarly to the one I propose above and prevent offenders such as Mr. Hicks from devising creative ways to defeat the standard condition. Additionally, if a more forthright offender sought his probation officer's consent prior to changing employment as required by the standard conditions of probation,[1] this additional special condition would signal to the probation officer that he or she should not grant consent to the offender's suggested line of work.
NOTES
[1] Fla. R.Crim. P. 3.986(e).