EVANDER, J.
On February 1, 2006, McCollum entered a no contest plea to the charge of robbery by snatching.[1] He was adjudicated guilty and sentenced to one year probation after having been given credit for sixty-five days already served.
On March 2, 2006, a violation of probation warrant was issued, alleging McCol-lum had violated his probation by failing to report to his probation officer as of February 27, 2006. At the violation of probation hearing, McCollum testified that he was never advised by the trial court or any probation officer of the date by which he was required to report to probation. McCollum’s testimony was unrefuted. The State produced no evidence that the sentencing judge or a probation officer had advised McCollum of a date by which he was required to report to probation. Although the order of probation had a provision requiring a probationer to report to probation immediately, there was no evidence that McCollum was ever provided a copy of the order.[2] Nonetheless, the trial court found McCollum had violated his probation, revoked his probation, and sentenced him to 48 months in prison.
We conclude the evidence was insufficient to support a finding that McCollum had willfully violated his probation by failing to timely report to his probation officer. Hightower v. State, 529 So.2d 726 (Fla. 2d DCA 1988).
In Hightower, the defendant was found guilty by the trial court of violating his probation by failing to timely report to his probation officer. The evidence established that the defendant had been released from incarceration on December 4, 1985, and had not reported to probation as of August 1, 1986. In Hightower, there was a similar lack of evidence that the defendant had been advised of a date by which he was required to report to probation and a similar lack of evidence that the defendant had ever received his order of probation. The Second District Court of *1287 Appeal reversed the trial court’s decision, finding that the evidence was insufficient to support a finding of willfulness.
Like our sister court, we find the lack of any evidence that McCollum was advised of a date by which he was required to report to probation prevents a finding that he willfully violated his probation.
REVERSED.
TORPY and LAWSON, JJ., concur.

. § 812.131(2)(b), Fla. Stat. (2005).

. There was a place on the order for McCol-lum to sign acknowledging receipt of a copy of the order. However, this signature place was blank. Additionally, there is no notation indicating a refusal to sign the order.