WALLACE, Judge.
 

 Koris William Jennings appeals the revocation of his probation and the resulting sentences. Mr. Jennings challenges the trial court’s findings that he willfully and substantially violated the conditions of his probation. In addition, he argues that the trial court erred in sentencing him. Mr. Jennings’ arguments about the legality of his sentences are without merit, and we reject them without further comment. However, we reverse the revocation of Mr. Jennings’ probation and remand for further proceedings.
 

 THE FACTS AND PROCEDURAL BACKGROUND
 

 Mr. Jennings was originally sentenced in 1994 to two consecutive terms of ten years’ imprisonment arising from his conviction on two second-degree felony charges. He was released to probation on April 24, 2007, and first met his probation officer on June 7, 2007. The probation officer testified that he reviewed the terms and conditions of Mr. Jennings’ probation with him. On June 20, 2007, Mr. Jennings was stopped by a Fort Myers police officer for running a red light. The officer cited him for the violation of a traffic control device and also issued a citation because the borrowed car that Mr. Jennings was driving had a crack in the windshield.
 

 In July 2007, Mr. Jennings submitted a required monthly report to his probation officer. The report form contained the following question: “Have you been arrested or had any contact with law enforcement during the last month?” Mr.
 
 *710
 
 Jennings answered this question by checking the box indicating a negative response.
 

 On October 1, 2007, Mr. Jennings’ probation officer filed an affidavit alleging that Mr. Jennings had violated Condition 1 of his probation “by failing to make a full and truthful report to the probation officer on the form provided for that purpose.” The ground for this violation was that Mr. Jennings “falsely report[ed] that he had no contact with law enforcement [during] June.” The affidavit also alleged that Mr. Jennings had violated Condition 5 of his probation “by failing to live and remain at liberty without violating any law by committing the criminal offense of Driving While License Suspended/Revoked on 09/21/2007.” We address the two alleged violations in reverse order.
 

 CONDITION 5
 

 At the revocation hearing, Mr. Jennings testified that he did not learn that his license had been administratively suspended until several weeks after his visit to his probation officer on September 21, 2007, and had never received formal notification of this fact from the Department of Motor Vehicles. The State did not introduce any evidence to contradict Mr. Jennings’ testimony on this issue. “[R]evoking probation based partly on a purported violation that was not proved or admitted constitutes fundamental error.”
 
 Odom, v. State,
 
 15 So.3d 672, 678 (Fla. 1st DCA 2009). Because the State failed to prove that Mr. Jennings willfully violated Condition 5 by driving with a suspended license, the trial court erred in finding that Mr. Jennings had violated Condition 5 of his probation.
 

 CONDITION 1
 

 Condition 1 requires that the probationer provide “a full and truthful report” to the probation officer. The report is accomplished by filling out a form. The form contains a question asking whether the probationer has had any contact with law enforcement during the reporting period.
 
 [1]
 
 Mr. Jennings’ probation officer testified at the revocation hearing that the reporting period for the form submitted by Mr. Jennings in July 2007 encompassed a reporting period covering the date that Mr. Jennings received his traffic citations. The probation officer also testified that Mr. Jennings had answered “No” to the question about contact with law enforcement. We can understand how, in preparing his monthly report, a person on probation for two serious felonies might overlook a traffic stop for running a red light. However, Mr. Jennings’ explanation for omitting to mention the June traffic stop in his monthly report was unconvincing. Thus the trial court’s finding that Mr. Jennings had violated Condition 1 by failing to submit “a full and truthful report” was supported by competent, substantial evidence.
 

 CONCLUSION
 

 On appeal from a trial court’s order revoking probation, the applicable standard of review is abuse of discretion.
 
 See State v. Carter,
 
 835 So.2d 259, 262 (Fla.2002). Whether Mr. Jennings committed a willful and substantial violation of Condition 1 of his probation by falsely reporting that he had no contact with law enforcement during the June 2007 reporting period may be arguable. However, we are
 
 *711
 
 unable to conclude that the trial court abused its discretion in so finding.
 

 Because we cannot determine whether the trial court would have revoked Mr. Jennings’ probation based on the violation of Condition 1 alone or whether the trial court would have imposed the same sentence based on this violation alone, we reverse the revocation of Mr. Jennings’ probation and the resulting sentences and remand for further proceedings. On remand, the trial court must consider whether Mr. Jennings’ violation of Condition 1— standing alone — warrants the revocation of his probation. If not, the trial court should restore Mr. Jennings to probation. On the other hand, if the trial court finds that the single violation warrants the revocation of Mr. Jennings’ probation, it may impose the same sentence as before or impose a lesser sentence.
 

 Reversed and remanded with instructions.
 

 DAVIS and CRENSHAW, JJ., Concur.
 

 [1]
 

 . We express some concern that this form is not included in the appellate record. Our efforts to obtain supplementation of the record to include a copy of this form were unsuccessful. However, the transcript of the revocation hearing indicates that the form was introduced into evidence at the hearing.