LaROSE, Judge.
Harry Savage appeals an order revoking his sex offender probation and resulting twenty-year prison sentence. He argues that his contact with a child was not a willful and substantial violation of his probationary terms. Competent substantial evidence, however, supports the trial court’s finding of a willful and substantial violation. Because the trial court did not abuse its discretion by revoking probation, we affirm. We write to address some possible confusion about the applicable standard of review.
Both the trial court’s decision whether to revoke probation and our standard of review involve two steps.

Step One

The trial court must first determine whether the State proved by the greater weight of the evidence that the probationer willfully and substantially violated probation. Del Valle v. State, 80 So.3d 999, 1012 (Fla.2011) (citing State v. Garter, 835 So.2d 259, 261 (Fla.2002)); see also McCumber v. State, 682 So.2d 1214, 1215-16 (Fla. 2d DCA 1996) (citing Davidson v. State, 419 So.2d 728 (Fla. 2d DCA 1982)); Hanania v. State, 855 So.2d 92, 94 (Fla. 2d DCA 2003) (using term “preponderance” of the evidence) (citing Stevens v. State, 823 So.2d 319, 321 (Fla. 2d DCA 2002)); Hightower v. State, 529 So.2d 726, 727 (Fla. 2d DCA 1988) (citing Molina v. State, 520 So.2d 320 (Fla. 2d DCA 1988)); Wheeler v. State, 344 So.2d 630, 632 (Fla. 2d DCA 1977).
Many appellate decisions state that a revocation order is reviewed for an abuse of discretion; in actuality, on appeal, we first assess whether the finding of a willful and substantial violation is supported by competent substantial evidence. See Cerny v. State, 65 So.3d 609, 613-14 (Fla. 2d DCA 2011) (Altenbernd, J., concurring specially); Hicks v. State, 890 So.2d 459, 460 (Fla. 2d DCA 2004); Glasier v. State, 849 So.2d 444, 445 (Fla. 2d DCA 2003) (affirming revocation where competent substantial evidence supported trial court’s finding of willful and substantial violation).
The term “competent substantial evidence” does not relate to the quality, character, convincing power, probative value or weight of the evidence but refers to the existence of some evidence (quantity) as to each essential element and as to the legality and admissibility of that evidence. Competency of evidence refers to its admissibility under legal rules of evidence. “Substantial” requires that there be some (more than a mere iota or scintilla), real, material, pertinent, and relevant evidence (as distinguished from ethereal, metaphysical, speculative or merely theoretical evidence or hypothetical possibilities) having definite probative value (that is, “tending to prove”) as to each essential element of the offense charged.
Dunn v. State, 454 So.2d 641, 649 n. 11 (Fla. 5th DCA 1984) (Cowart, J., concurring specially); accord Lonergan v. Estate of Budahazi, 669 So.2d 1062, 1064 (Fla. 5th DCA 1996).
In De Groot v. Sheffield, 95 So.2d 912, 916 (Fla.1957), the supreme court de *622 fined competent substantial evidence as “such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred.” The supreme court stated that “the evidence relied upon to sustain the ultimate finding should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached.” Id. The competent substantial evidence standard defers to the trial court’s judgment because the trial court is in the best position “‘to evaluate and weigh the testimony and evidence based upon its observation of the bearing, demeanor and credibility of the witnesses.’ ” In re Estate of Sterile, 902 So.2d 915, 922 (Fla. 2d DCA 2005) (quoting Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976)). Our aseptic record cannot replicate what the trial court observed. Thus, we assess the record evidence from which the trial court reached its conclusion for its sufficiency, not its weight. See Blackwood v. State, 946 So.2d 960, 973 (Fla.2006) (holding review of whether evidence is competent and substantial tests only its legal sufficiency and not its weight).
The evidence must meet technical requirements to support a finding that a violation occurred. See, e.g., C.B.H. v. State, 117 So.3d 450 (Fla. 2d DCA 2013) (reversing revocation where only evidence of violation was hearsay, which, without nonhearsay evidence, was insufficient); Cerny, 65 So.3d at 613 (holding that “the circuit court erred in revoking Mr. Cerny’s probation based on that alleged new law violation” where no evidence supported trial court’s finding that a battery occurred); Gaddy v. State, 23 So.3d 1258, 1259 (Fla. 2d DCA 2009) (holding that the evidence that the defendant violated a probation condition was not competent and substantial because the State presented only hearsay evidence); Warren v. State, 924 So.2d 979, 981 (Fla. 2d DCA 2006) (holding trial court erred in finding violations based only on officer’s testimony based on review of probation records, where State’s failure to admit records into evidence rendered officer’s testimony hearsay) (citing Kipp v. State, 657 So.2d 931, 932 (Fla. 2d DCA 1995)); Grimsley v. State, 830 So.2d 118 (Fla. 2d DCA 2002) (reversing revocation for lack of competent evidence where only evidence that violation occurred was hearsay).
Equally important, the evidence must demonstrate willfulness. See, e.g., Miffin v. State, 19 So.3d 377, 378 (Fla. 2d DCA 2009) (holding trial court “abused its discretion” in finding violation where State presented no evidence that defendant ever received the instruction from probation officer and thus knew about the condition); Hines v. State, 789 So.2d 1085, 1087 (Fla. 2d DCA 2001) (reversing revocation where trial court did not have before it competent evidence that probationer’s failure to comply with probation condition was willful); Robinson v. State, 744 So.2d 1188, 1189 (Fla. 2d DCA 1999) (holding purely hearsay evidence that defendant was aware of requirement to report was insufficient to support finding of willful violation); Young v. State, 566 So.2d 69, 69-70 (Fla. 2d DCA 1990) (holding trial court abused its discretion in revoking probation where greater weight of evidence did not show violation was willful); Molina, 520 So.2d at 321 (“This court has refused to find technical violations sufficient to justify revocation. When the revocation is based on failure to complete a program, we have required a showing that the failure is the probationer’s fault.”); Drayton v. State, 490 So.2d 229, 229 (Fla. 2d DCA 1986) (“There was ... no evidence from which the trial court could properly conclude that appellant had the ability to file the monthly report but willfully failed to do so.”); Davidson, 419 *623 So.2d at 729 (reversing revocation where no evidence showed that probationer was responsible for his release from Teen Challenge Program before successful completion required by probation condition).

Step Two

Upon finding a violation of probation or community control, the court decides whether to revoke, modify, or continue it. See § 948.06(2)(a, e), Fla. Stat. (2011); Nadzo v. State, 24 So.3d 690, 692 (Fla. 2d DCA 2009); Mikell v. State, 903 So.2d 1054, 1055 (Fla. 2d DCA 2005); State v. Casner, 825 So.2d 993, 993 (Fla. 2d DCA 2002); Brown v. State, 455 So.2d 635 (Fla. 5th DCA 1984) (citing Harris v. State, 453 So.2d 228 (Fla. 5th DCA 1984)). If the trial court revokes probation, it may impose any sentence it might initially have imposed. § 948.06(2)(b, e); Hill v. State, 927 So.2d 1047, 1047 (Fla. 2d DCA 2006) (citing Mearns v. State, 779 So.2d 282, 283 (Fla. 2d DCA 1998)).
While, as stated above, we review the trial court’s finding of a willful and substantial violation for competent substantial evidence, our standard of review for the trial court’s decision to revoke probation is abuse of discretion. See McCumber, 682 So.2d at 1216 (citing Molina, 520 So.2d 320); Hanania, 855 So.2d at 94 (citing Stevens, 823 So.2d at 321). “If reasonable [persons] could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.” Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). In other words, we will not disturb the decision unless no reasonable person could have decided as the trial court did.
Over time, the appellate decisions seemingly have conflated the competent substantial evidence standard for the willfulness requirement with the concept of abuse of discretion. Appellate courts commonly now state that the trial court abused its discretion both in deciding to revoke and in finding a willful violation. See, e.g., Carter, 835 So.2d at 262; Russell v. State, 982 So.2d 642, 646 (Fla.2008) (citing Carter and holding that “the trial court did not abuse its discretion in concluding that the evidence was legally sufficient to sustain a violation of probation”); Lawson v. State, 969 So.2d 222, 237 (Fla.2007) (citing Carter; applying abuse of discretion standard to factual finding of willful and substantial violation); Selig v. State, 112 So.3d 746, 749 (Fla. 2d DCA 2013) (citing Carter; holding that trial court abused its discretion in finding willful and substantial violation); Brown v. State, 86 So.3d 1225, 1227 (Fla. 2d DCA 2012) (citing Carter; holding appellate court’s task is to determine whether trial court acted arbitrarily, fancifully, or unreasonably in determining violation was willful and substantial); Correa v. State, 43 So.3d 738, 743 (Fla. 2d DCA 2010) (same); Jennings v. State, 22 So.3d 708, 710 (Fla. 2d DCA 2009) (citing Carter; holding trial court did not abuse its discretion in finding willful and substantial violation); Perez v. State, 884 So.2d 306, 308 (Fla. 2d DCA 2004) (citing Carter; “The trial court has broad discretion to determine whether there has been a willful and substantial violation, and our review of the trial court’s determination is for abuse of discretion.”); Oates v. State, 872 So.2d 351, 353 (Fla. 2d DCA 2004) (same); Davis v. State, 867 So.2d 608, 610 (Fla. 2d DCA 2004) (same); Anthony v. State, 854 So.2d 744, 747 (Fla. 2d DCA 2003) (citing Carter; same); Stevens v. State, 823 So.2d 319, 321-22 (Fla. 2d DCA 2002) (“[T]he trial court abused its discretion in finding that the greater weight of the evidence supported findings that Stevens willfully and substantially violated her probation.”); Mier v. State, 58 So.3d *624 319, 321-22 (Fla. 1st DCA 2011) (citing Carter; holding trial court did not abuse its discretion in finding willful and substantial violation); Kaduk v. State, 959 So.2d 817, 818-20 (Fla. 4th DCA 2007) (citing Carter; same); Grizzard v. State, 881 So.2d 673, 675 (Fla. 5th DCA 2004) (quoting Carter’s statement that appellate court must determine whether trial court’s finding of willful and substantial violation was arbitrary, fanciful or unreasonable); Lane v. State, 761 So.2d 476, 477 (Fla. 3d DCA 2000) (holding trial court did not abuse its discretion in finding violation was willful and substantial); Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996) (using term “preponderance” of evidence); Young v. State, 566 So.2d 69, 69-70 (Fla. 2d DCA 1990) (holding trial court abused its discretion in revoking probation where greater weight of evidence did not show violation was willful).
This articulation of the standard of review is not surprising; both De Groot’s definition of competent substantial evidence — that which a reasonable mind would accept as adequate — and the Cana-karis definition of abuse of discretion — a determination that no reasonable person could make — employ the reasonable person standard, thus suggesting an abuse of discretion standard of review. But we cannot ignore the fact that those many cases holding that the trial court abused its discretion in revoking probation appear to arise only where competent substantial evidence does not support a finding that the violation was willful and substantial.[1] Whatever the announced standard of review, a constant theme sounds through the cases: on appeal, competent substantial evidence must support a finding of a willful and substantial violation; only then will we assess whether the trial court abused its discretion in revoking probation. See Cerny, 65 So.3d at 613-14 (Altenbernd, J., concurring specially) (“[A]lthough the case law often discusses abuse of discretion as an appropriate standard of review for orders revoking probation, that standard is appropriate only after the State has presented a prima facie case allowing the trial court to make a decision to revoke probation.”).
Based on our record, there can be no question but that Mr. Savage willfully and substantially violated his probation. We find no abuse of discretion in the trial court’s revocation of his probation.
Affirmed.
ALTENBERND, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.

. Because a trial court has discretion to revoke, modify, or continue probation, it seems possible that a factual scenario could arise in which revocation could be an abuse of discretion even where competent substantial evidence supports a finding that the violation was willful and substantial. However, we find no cases so holding.