# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-919
Lower Tribunal No. MM20-003474-LD

_____

FRANKLIN CRUZ,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the County Court for Polk County.
Stacie L. Kaylor, Judge.

March 1, 2024

BROWNLEE, J.

Franklin Cruz ("Cruz") appeals the final judgment and sentence imposed by the trial court after it found Cruz violated the condition of his probation that prohibits him from having contact with the victim.[1] Cruz argues there was no competent substantial evidence to support a finding that he violated the "no-contact order." We agree and reverse.

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

The State charged Cruz with two counts of willful violation of an injunction for protection against dating violence. Cruz eventually entered into a plea agreement with the State, pursuant to which he pled no contest to Count I. The trial court then entered a withhold of adjudication on that count and sentenced Cruz to twelve months' probation. As a condition of his probation, the trial court directed Cruz to have no contact with his ex-wife, Bridgette Donahue ("Donahue"). The sole exception to that condition was that Cruz could communicate with Donahue regarding their child over the Talking Parents app, in accordance with their final divorce decree. The trial court imposed no other special conditions of probation. The State entered a nolle prosequi on Count II.

Several months after Cruz entered the plea, his probation officer, Juan Garcia, filed an affidavit of violation of probation, alleging Cruz violated the condition of his probation "requiring no contact be made with the victim." The trial court held an evidentiary hearing on the alleged violation. According to the undisputed evidence presented at the hearing, on the morning of the alleged violation, Cruz went to Donahue's home so that their son could pick up a few items before school. Cruz parked his car in the street, outside Donahue's driveway, and waited in the car while their son went inside to get the items.

Donahue was returning from her morning jog when she noticed Cruz's car in front of her driveway. Upon seeing the car, Donahue "ran straight inside," where

2

her husband and son were, and called Officer Garcia. When asked whether she had a conversation with Cruz during this incident, Donahue testified that she messaged Cruz in the Talking Parents app. According to Donahue, she and Cruz only communicated through the app, and, in the last three years, she had neither seen nor had contact with Cruz outside of court.

At the conclusion of the evidentiary hearing, the trial court found Cruz willfully and substantially violated his probation. The trial court then revoked Cruz's probation, adjudicated him guilty, and sentenced Cruz to sixty days in the Polk County Jail, with credit for all time served. Cruz now appeals that ruling.

We review an order revoking probation for abuse of discretion. *See Romero v. State*, 300 So. 3d 794, 796 (Fla. 5th DCA 2020) (citing *State v. Carter*, 835 So. 2d 259, 262 (Fla. 2002) (recognizing trial court has broad discretion in determining whether there was willful and substantial violation of condition of probation and whether violation is supported by greater weight of evidence)). We review a trial court's finding of a willful and substantial violation of probation, however, for competent substantial evidence. *See Savage v. State*, 120 So. 3d 619, 621 (Fla. 2d DCA 2013). "Whether a violation of probation is willful and substantial is a factual issue that cannot be overturned on appeal unless there is no evidence to support it." *Romero*, 300 So. 3d at 796.

There was no evidence to support the trial court's finding here. Rather than demonstrating Cruz violated the no-contact order, the evidence revealed there was actually no prohibited contact at all between Cruz and Donahue. In fact, the evidence showed the only form of contact between the two that day was a conversation that took place over the Talking Parents app, which was an exception to the no-contact order. While the sentencing judge may have been able to impose additional conditions of probation proscribing Cruz's actions here, it did not do so.

On this record, there is no evidence of any prohibited contact between Cruz and Donahue. There was, therefore, no competent substantial evidence to support the trial court's finding that Cruz willfully and substantially violated his probation.

Accordingly, we reverse the order revoking probation, as well as the judgment and sentence entered against Cruz, and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED for further proceedings.

NARDELLA and SMITH, JJ., concur.

Christine Trakas Thornhill, of Trakas Thornhill, P.A., Lakeland, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Blain A. Goff, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

4