DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JOSHUA AARON EDWARDS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2025-1190

_____

April 22, 2026

Appeal from the Circuit Court for Sarasota County; Lon S. Arend, Judge.

Blair Allen, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, for Appellee.

SLEET, Judge.

     Joshua Edwards challenges both the trial court's order revoking his probation and the resulting sentence on a 2022 conviction for possession of a controlled substance.  We affirm in all respects but write to clarify that a defendant cannot enter a plea to an alleged violation of probation.

     At the revocation hearing below, the trial court repeatedly referred to Edwards' violation admission as an "open plea."  Additionally, appellate counsel in this *Anders*[1] appeal alleged in the initial brief that

_____

[1] *Anders v. California*, 386 U.S. 738 (1967).

Edwards had entered a plea and therefore could only challenge on appeal those issues itemized in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii). But entering an admission to a violation of probation is not the same as entering a plea to a charge in the first instance.

> Confusion arises [with] the loose use of the term "plea" in the context of VOP proceedings. There simply is no such thing as a plea to a charged VOP. The principal statute governing VOPs, section 948.06, Florida Statutes, does not refer to such a plea. Rather, the statute gives a probationer the option to "admit" that the charged VOP is true, or to not admit it to be true.

*Maxwell v. State*, 383 So. 3d 892, 895 (Fla. 1st DCA 2024). Accordingly, rule 9.140(b)(2), titled *Guilty or Nolo Contendere Pleas*, does not apply to the appeal of an order revoking probation. *See id.* at 899 ("An appeal of the revocation and resulting sentence [is] pursuant to Florida Rule of Appellate Procedure 9.140(b)(1)(D) and (E) (relating to a post-judgment [sic] order 'revoking or modifying probation' and to 'an unlawful or illegal sentence') . . . .").

Rather, "[a] trial court may revoke a defendant's probation or community control only upon a determination that the greater weight of the evidence supports a finding of a willful and substantial violation." *Dundas v. State*, 891 So. 2d 1178, 1179 (Fla. 2d DCA 2005). By admitting the violation, the probationer "waives his right to require the State [to] 'establish by [the] greater weight of the evidence that the violation of probation occurred.' " *Maxwell*, 383 So. 3d at 900 (quoting *Russell v. State*, 982 So. 2d 642, 646 (Fla. 2008)).

But whether the violation warranted revocation of a probationer's supervision may still be reviewed on appeal for an abuse of discretion. *See Savage v. State*, 120 So. 3d 619, 623 (Fla. 2d DCA 2013) ("Upon finding a violation of probation or community control, the court decides

2

whether to revoke, modify, or continue it. . . . [O]ur standard of review for the trial court's decision to revoke probation is abuse of discretion." (citations omitted)).  And this court may review the sentence imposed after revocation.  *See id.* ("If the trial court revokes probation, it may impose any sentence it might initially have imposed.").

Affirmed.

NORTHCUTT and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.