942 So.2d 444 (2006)
Donald CONHAGEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-686.
District Court of Appeal of Florida, Second District.
November 17, 2006.
Stephen M. Grogoza, Naples, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
ROBERTS, CHARLES E., Associate Judge.
Donald Conhagen appeals an order revoking his sex offender probation and sentencing him to nine years and eleven months' prison. Because the State failed to prove that Conhagen willfully and substantially violated a condition of his probation, we reverse and remand with instructions to reinstate his probation.
The State charged Conhagen with violating condition twenty-eight of his probation, which reads as follows:
Until successful completion of a sex offender treatment program, you will not have any unsupervised contact with a child under the age of eighteen unless authorized by the sentencing Court without another adult present who is responsible for the child's welfare, and has been advised of the crime and is approved by the sentencing Court.
The evidence presented at the violation of probation hearing included the following: Conhagen is a pilot and an aircraft owner. He kept his airplane at the Naples airport. European American Aviation (EAA) is a tenant of the airport and had advertised an "open house" event to be held at the Naples airport on December 3, 2005. EAA is a supplier of avionics and *445 other aircraft equipment and a provider of flight instruction.
Bruce Bottelaum, EAA's chief flight instructor, described the purpose of the open house:
This was a presentation on new avionics equipment, and we were going to be we had already taken delivery of an airplane with that sort of equipment. This open day was kind of an introduction to existing customers and to new customers, marketing basically, to advertise the fact that we would have two of these airplanes available for rental and training.
The event was scheduled to take place from 11:00 a.m. until 2:00 p.m., with most of the time devoted to various seminars. The program included a seminar about new equipment and an afternoon seminar to explain the tax advantages of airplane ownership and leaseback. Approximately twenty minutes were available for a lunch break. EAA provided lunch for the attendees and set up several picnic tables in the parking lot which could be used by the attendees to eat lunch. EAA also set up an inflatable "bounce house" to entertain any children who might accompany their parents to the open house, although it is clear from the record that the event was not for the benefit of children. EAA posted a sign warning that parents must supervise their children's use of the bounce house. Further, children were not allowed to wander about the airport without parental supervision. The bounce house was set up in one of the parking spaces adjacent to the picnic tables.
Although the open house was publicly advertised, EAA also sent invitation cards to licensed pilots and other persons known to be interested in aviation. Conhagen received an invitation card and advised his probation officer that he was going to attend the airport open house. Conhagen had no reason to anticipate the presence of children at this event. He did attend, and during the lunch break he joined other attendees at the picnic tables to eat the lunch provided by EAA.
When Vicki Martinez, the office manager for EAA, was told that Conhagen, a registered sex offender, would be attending the event, she contacted Deputy Parker to ask what she should do. Parker advised her that if Conhagen was there and "noticed the children and didn't leave," that Martinez should contact him.
When Martinez observed Conhagen seated at one of the picnic tables, she called Deputy Parker. When Parker arrived, he observed Conhagen seated with a group of adults at one of the tables and caused photographs to be taken of Conhagen. The photographs show a group of adults, including Conhagen, sitting at a picnic table four parking spaces from the bounce house. Conhagen did not leave the table and did not make any contact with a child. Following lunch, Conhagen returned to the seminars. Several days later, Conhagen was arrested on a warrant charging him with violating probation condition twenty-eight.
The trial court may revoke probation only if the State proves by the greater weight of the evidence that the defendant willfully and substantially violated a specific condition of the probation. Hicks v. State, 890 So.2d 459 (Fla. 2d DCA 2004). Here, the State failed to meet its evidentiary burden.
The State charged Conhagen with violating condition twenty-eight by alleging that he had unsupervised contact with children. However, none of the evidence, including the photographs, supports the allegation of contact, whether supervised or not. The revocation order is reversed and *446 the case is remanded with instructions to reinstate Conhagen's probation.
Reversed and remanded with instructions.
KELLY and WALLACE, JJ., Concur.