891 So.2d 1178 (2005)
Scott Alan DUNDAS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-360.
District Court of Appeal of Florida, Second District.
February 2, 2005.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
*1179 Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Scott Alan Dundas seeks review of the trial court's order revoking his community control for committing a new law violation (condition 8) and failing to follow the instructions of his community control officer (condition 10). Dundas argues that his violation of condition 8 was not willful and that the violation of condition 10 was not supported by the findings of the trial court. We conclude that the violation of condition 8 was willful and affirm the revocation of community control on that basis. However, we reverse for the trial court to enter an amended revocation order that comports with its oral pronouncements.
Dundas is a habitual offender who has fifteen convictions for driving while license suspended or revoked ("DWLSR"). The violation of condition 8 of his community control arose from allegations that he had committed yet another offense of DWLSR the day after he was released from jail. The violation of condition 10 arose from allegations that Dundas failed to report to his community control officer immediately upon his release from jail.
At the revocation hearing, Dundas' community control officer testified that she observed Dundas driving a vehicle in front of his residence the day after his release from jail. Dundas conceded that he had driven a vehicle on the day in question, but claimed that he merely backed the vehicle out of his driveway and pulled it back in. Dundas' community control officer also testified that Dundas failed to report immediately upon his release from jail. Dundas claimed that he was directed to report within seventy-two hours and reported as directed.
The trial court determined that Dundas willfully and substantially violated condition 8 by committing the offense of DWLSR, orally revoked his community control, and entered a written judgment and sentence based on the revocation. The court did not make any oral findings regarding the alleged violation of condition 10 and failed to enter a written revocation order. Dundas filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) requesting a written revocation order that reflected the violation of condition 8. The trial court subsequently filed a written revocation order finding Dundas in violation "as detailed in the attached [affidavit of violation of community control]."
A trial court may revoke a defendant's probation or community control only upon a determination that the greater weight of the evidence supports a finding of a willful and substantial violation. Anthony v. State, 854 So.2d 744, 747 (Fla. 2d DCA 2003). The standard of review is abuse of discretion. Id.
The trial court found that Dundas had committed a willful and substantial violation of condition 8 of his community control by committing the offense of DWLSR. The trial court's finding is supported by the testimony of Dundas' community control officer that she observed Dundas driving a vehicle in the street in front of his residence. Because it is clear that the trial court intended to revoke Dundas' community control based on the sole violation of condition 8, we affirm the revocation of community control.
Although we are affirming the revocation of community control, we must reverse and remand for entry of an amended revocation order that comports with the trial court's oral pronouncements. The court's written order finding Dundas in *1180 violation "as detailed in the attached [affidavit of violation of community control]" is erroneous because the court made no oral findings regarding whether Dundas violated condition 10. When the court initially found Dundas in violation of his community control, it did so based on its conclusion that he willfully and substantially violated condition 8. The court heard evidence regarding the alleged violation of condition 10, but the court did not make a finding regarding that violation at the hearing. Because the court based the violation of community control solely on condition 8, the revocation order should be corrected to comport with its oral pronouncement. See Turner v. State, 873 So.2d 480, 481 (Fla. 2d DCA 2004); Gordon v. State, 827 So.2d 346, 347 (Fla. 2d DCA 2002); Revear v. State, 497 So.2d 1337, 1337 (Fla. 2d DCA 1986); Sampson v. State, 375 So.2d 325, 325 (Fla. 2d DCA 1979).
Affirmed in part, reversed in part, and remanded with directions.
FULMER and SALCINES, JJ., concur.