921 So.2d 715 (2006)
Tyrone Reeve JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5051.
District Court of Appeal of Florida, Second District.
February 15, 2006.
*716 James Marion Moorman, Public Defender, and Paul C. Helm, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Deborah Fraim Hogge, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Tyrone Reeve Johnson appeals from an order revoking his community control and the sentence imposed thereon. We affirm the trial court's decision to revoke Johnson's community control but reverse the insufficient revocation order and remand for the entry of a corrected revocation order. We reverse Johnson's sentence to the extent that he was not awarded the proper credit for time served in the county jail and remand for the entry of an amended sentencing order.
Johnson had served time in prison for offenses occurring on November 10, 1988. When he was released from prison, Johnson was subject to supervisory conditions. Thereafter, several orders of supervision were imposed as a result of Johnson's repeated violations. Finally, on July 29, 2003, an amended sentence was entered placing Johnson on community control followed by probation.
Johnson was serving the community control portion of that latter sentence when an affidavit of violation was filed. Johnson's probation officer averred that Johnson committed four violations of the conditions of his community controla violation of condition five, a violation of condition seventeen, and two violations of condition nine. Following a revocation hearing at which Johnson's probation officer testified consistently with the affidavit, the trial court found Johnson to be in willful and substantial violation as alleged in the affidavit. The court revoked Johnson's community control order and sentenced him to a prison term with a credit of 541 days for time served between February 4, 1997, and October 18, 2004, on prior probation and community control violations. The trial court entered a written order of revocation of community control, but the order did not specify which conditions Johnson was found to have violated.
*717 Johnson then filed this appeal. He also filed a motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) challenging the sufficiency of the revocation order and the trial court's failure to award him the proper amount of credit for time served in the county jail. The trial court did not render an order on the motion during the sixty-day period required by the rule; consequently, Johnson's motion was deemed denied. See Fla. R.Crim. P. 3.800(b)(2).
Inasmuch as the trial court's finding that Johnson willfully and substantially violated his community control as asserted in the affidavit of violation is supported by the greater weight of the evidence, we affirm its decision to revoke Johnson's community control without further discussion. See, e.g., Dundas v. State, 891 So.2d 1178, 1179 (Fla. 2d DCA 2005) (holding willful and substantial violations must be shown by greater weight of evidence). However, Johnson argues and the State concedes that the trial court erred when it failed to provide a written statement of the grounds relied upon to revoke his community control and that this preserved error requires a reversal of the written revocation order. See Jones v. State, 898 So.2d 209, 210 (Fla. 2d DCA 2005). Accordingly, we reverse the revocation order and remand to the trial court with directions to enter a corrected order with the required written findings.
Johnson also argues and the State concedes that the trial court failed to properly award him credit for all county jail time served upon sentencing for a subsequent violation of his order of supervision, including time served before the original sentencing, and that this preserved error requires a correction of his sentence. See, e.g., Jenkins v. State, 749 So.2d 527, 528 (Fla. 1st DCA 1999); Tomiuk v. State, 663 So.2d 681, 681 (Fla. 5th DCA 1995). Accordingly, we reverse the sentencing order and remand for the trial court to enter an amended sentencing order which properly reflects the appropriate credit.
Affirmed in part, reversed in part, and remanded.
STRINGER and LaROSE, JJ., Concur.