DAVIS, Judge.
Paul Thomas Bernier challenges the revocation of his probation, which was based on violations of conditions three and thirty-five of his probation. We affirm the revocation but remand with instructions that the violation of condition thirty-five be stricken.
While on probation for several offenses, Bernier was alleged to have violated eight of the conditions of his probation. Following a violation of probation hearing, the trial court found that Bernier violated two of the conditions of his probation — condition three for changing his residence without his probation officer’s permission and condition thirty-five for failing to successfully complete an anger management course. Accordingly, the trial court revoked his probation and sentenced him to concurrent five-year prison terms.
“A trial court may revoke a defendant’s probation or community control only upon a determination that the greater weight of the evidence supports a finding of a willful and substantial violation.” Dundas v. State, 891 So.2d 1178,1179 (Fla. 2d DCA 2005).
Because Bernier himself testified that he did move from his approved residence without first procuring the consent of his probation officer, we affirm the trial court’s finding that he violated condition three of his probation.
However, condition thirty-five required Bernier to “enter and complete anger management classes (within 1 year).” Bernier was placed on probation on June 20, 2005; the affidavit of violation was filed September 20, 2005. Because Bernier had nine months remaining in which to successfully complete the anger management classes, it was error to find him in violation of this condition. See Davis v. State, 862 So.2d 931, 934 (Fla. 2d DCA 2004) (“This court has consistently reversed revocations of probation based on a probationer being terminated from a treatment program when sufficient time remained in the probationary period to complete the program.”); see also Dunkin v. State, 780 So.2d 223 (Fla. 2d DCA 2001) (concluding that violation was not willful and substantial where condition of probation required completion of sex offender treatment program within first three years of probation but did not specify that program had to be completed on the first try or how many chances probationer had to complete the program). Accordingly, the violation of this condition of probation should be stricken. See Massaline v. State, 937 So.2d 1266 (Fla. 2d DCA 2006).
Nevertheless, the record before us is clear that the trial court would have revoked Bernier’s probation based solely on the violation of condition three. See Mas-saline, 937 So.2d 1266. Accordingly, we affirm the revocation of Bernier’s probation but remand with instructions that the violation of condition thirty-five be stricken.
Affirmed; remanded with instructions.
VILLANTI and LaROSE, JJ., Concur.