987 So.2d 180 (2008)
Lisa GARY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-2173.
District Court of Appeal of Florida, Second District.
July 18, 2008.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
*181 NORTHCUTT, Chief Judge.
Lisa Gary was placed on probation after she pleaded no contest to committing aggravated battery. Several months later, the circuit court revoked her probation on four grounds: (1) changing her residence without permission, (2) failing to work diligently at a lawful occupation, (3) failing to report to her probation officer, and (4) failing to undergo drug and alcohol evaluation. Gary contends that the alleged violations either were not proved or were not willful and substantial. We agree concerning the first three grounds listed above. The last ground, failing to attend substance abuse evaluation, was supported by the evidence. But we reverse and remand to allow the circuit court to determine whether it would have revoked her probation based on this ground alone. See Robinson v. State, 907 So.2d 1284, 1287 (Fla. 2d DCA 2005).
Regarding the alleged change of residence, at the hearing Gary's probation officer testified that she had visited Gary's house several times but that she was never present. She also recounted that Gary's adult daughter, who lived at the same home, said that her mother had moved away. Gary denied that she had moved. She testified that the lease was in her name and pointed out that she had been arrested for the alleged probation violation at that very residence. Gary's daughter was in court and ready to testify on her mother's behalf, but she was not permitted to do so because the State objected, apparently because the daughter was not on the witness list.
The fact that the probation officer did not find Gary at home when she visited did not prove that Gary had moved. The State's only other evidence was the hearsay statement attributed to Gary's daughter. This, standing alone, was insufficient to support the revocation. See Crawford v. State, 982 So.2d 1 (Fla. 2d DCA 2008) (stating that hearsay testimony from probationer's sister that he was no longer living with her at his approved residence was legally insufficient to support a revocation). Moreover, the State had the opportunity to present testimony from the hearsay declarant at the revocation hearing yet declined to do so. The court's decision to revoke Gary's probation on the ground she had moved from her approved residence was not supported by the evidence.
Gary's probation order required that she work at a suitable occupation "to the best of her ability." The probation officer testified that Gary had advised that she had heart problems and that she was attempting to obtain social security disability. The State presented no evidence that Gary was able to work. Gary testified that she had maintained a log listing jobs she had sought and had provided it to her probation officer, but the officer denied receiving it.
The phrase in the employment condition "to the best of your ability" is included to avoid the possibility that the probationer will be penalized for unemployment. Valente v. State, 705 So.2d 656, 657 (Fla. 5th DCA 1998). The State itself presented evidence that Gary had health concerns that might prevent her from working. In this circumstance, the evidence was not sufficient to show a willful and substantial violation of probation.
Gary's probation officer had instructed her to report on a date certain in November 2006 and it is undisputed that she failed to do so. But Gary offered an explanation. Prior to the scheduled date of the meeting, a police officer had informed Gary that she had violated her probation, that an affidavit of violation had been filed, and that a warrant and pick up order were being prepared. Gary claimed *182 that she then attempted to turn herself in to authorities but the arrest warrant had not yet issued. In its closing argument, the State confirmed that Gary had been advised of the violation but maintained that she had never been told she was excused from reporting. But the State did not present testimony from the officer who discussed the matter with Gary. Its argument that she was not excused was based on either hearsay or speculation. The evidence did not prove a willful violation.
Finally, a condition of Gary's probation required her to complete a substance abuse evaluation within thirty days of October 9, 2005. The probation officer scheduled an appointment for her within that time frame, but Gary did not attend. This was the violation the police officer referred to when he told Gary that an arrest warrant was pending. Gary gave a vague excuse about attending a relative's funeral at the time of the appointment. She also claimed that she thought her probation officer would reset the appointment, so she did not attempt to do so herself. The circuit court was within its discretion in determining that she violated this condition. See Lawson v. State, 969 So.2d 222 (Fla.2007). However, because we are reversing the revocation based on the other three stated grounds, and because Gary did offer an explanation for missing the appointment, we remand to the circuit court to determine whether her violation was willful and substantial and whether it would have revoked her probation based on this violation alone. See Robinson, 907 So.2d at 1287.
Reversed and remanded.
FULMER, J., Concurs.
CANADY, J., Concurs in result only.