CASE, JAMES R., Associate Senior Judge.
 

 Kelvin Reyes seeks review of a revocation of community control and the sentence imposed thereon. Because the trial court failed to enter a written order revoking community control, we reverse and remand.
 

 An affidavit of violation of community control was filed against Reyes alleging failure to pay costs of supervision and failure to live and remain at liberty without violating any law. The alleged new law violations were possession of cannabis with intent to sell within 1000 feet of a school, possession of a weapon or ammunition by a convicted felon, and possession and/or use of drug paraphernalia.
 

 After an evidentiary hearing, the trial court determined simply that “there has been a violation of probation” but entered no written order. Reyes filed a motion to correct sentencing error due to the lack of a written order of revocation of community control, Fla. R. Crim. P. 3.800(b)(2), but the court failed to rule on that motion within sixty days. Thus, the motion is deemed denied.
 
 Johnson v. State,
 
 921 So.2d 715, 717 (Fla. 2d DCA 2006).
 

 It is well settled that “the trial court is required to enter a
 
 formal order
 
 of violation of probation that lists the specific conditions the court determined [the defendant] violated.”
 
 Cato v. State,
 
 845 So.2d 250, 251 (Fla. 2d DCA 2003). Reyes argues, and the State rightfully concedes, that the trial court erred by failing to enter a written order of revocation of community control. Accordingly, we reverse and remand for the trial court to enter a formal order identifying the specific conditions Reyes was found to have violated.
 

 Reversed and remanded with directions.
 

 WHATLEY and VILLANTI, JJ., Concur.