WOLF, J.
 

 Appellant challenges an order revoking her probation. We reverse.
 

 The affidavit of violation of probation alleged appellant changed her residence without permission. The only evidence presented by the State that appellant changed her residence was the hearsay testimony of appellant’s probation officer. “ ‘Although hearsay evidence is admissible at the revocation hearing, the defendant’s probation or community control cannot be
 
 *703
 
 revoked solely on the basis of hearsay.’ ”
 
 Stewart v. State,
 
 926 So.2d 413, 414 (Fla. 1st DCA 2006)
 
 (quoting Thompson v. State,
 
 890 So.2d 382, 383 (Fla. 2d DCA 2004)).
 
 See also Gary v. State,
 
 987 So.2d 180, 181 (Fla. 2d DCA 2008) (finding “[t]he fact that the probation officer did not find [appellant] at home when she visited did not prove that [appellant] had moved” and “the hearsay statement attributed to [appellant’s] daughter ... standing alone, was insufficient to support the revocation”).
 

 Furthermore, the trial court’s finding that appellant violated the terms of her probation by failing to report to her probation officer cannot be affirmed as this violation was not charged in the affidavit. “A trial court is not permitted to revoke probation on conduct not charged in the affidavit.”
 
 Perkins v. State,
 
 842 So.2d 275, 277 (Fla. 1st DCA 2003)
 
 (citing Parminter v. State,
 
 762 So.2d 966, 967 (Fla. 2d DCA 2000)).
 

 Therefore, the trial court’s order revoking appellant’s probation is REVERSED.
 

 VAN NORTWICK and ROBERTS, JJ., concur.