VILLANTI, Judge.
 

 Harold A. Tirado challenges the revocation of his community control, which was based on violations of conditions five and twelve of his community control. We affirm the revocation of community control based upon the violation of condition five but remand with instructions that the violation of condition twelve be stricken.
 

 On November 5, 2009, the trial court signed an order placing Tirado on community control. Shortly thereafter, the State filed an affidavit alleging that Tirado had violated conditions five (by committing three new law violations) and twelve
 
 [1]
 
 (by not remaining in his residence as required by his curfew). Following an evidentiary hearing, the trial court found that Tirado had violated both conditions of community control. Accordingly, the trial court revoked community control and sentenced Tirado to prison.
 

 
 *1006
 
 “A trial court may revoke a defendant’s probation or community control only upon a determination that the greater weight of the evidence supports a finding of a willful and substantial violation.”
 
 Dundas v. State,
 
 891 So.2d 1178, 1179 (Fla. 2d DCA 2005). Tirado concedes that the State established a willful and substantial violation of condition five. We agree and affirm the trial court’s finding that he violated condition five of his community control.
 

 However, Tirado argues that the court erred in also finding a willful violation of condition twelve and that we should remand the case to let the trial court determine whether it would have revoked community control in the absence of a violation of condition twelve. We agree that the trial court’s finding of a violation of condition twelve should be stricken because no evidence was presented establishing a willful and substantial violation of curfew. Nevertheless, it is abundantly clear from the transcript of the revocation hearing that the trial court would have revoked Tirado’s community control based solely on his violations of condition five (three new law violations).
 
 See, e.g., Bernier v. State,
 
 951 So.2d 21, 22 (Fla. 2d DCA 2007) (upholding revocation of probation order where record made it clear that the court would have revoked probation solely on the basis of a violation of a single condition of probation). Therefore, we affirm the order revoking community control but remand for the trial court to strike the finding of a violation of condition twelve.
 

 Affirmed; remanded with instructions.
 

 LaROSE and MORRIS, JJ., Concur.
 

 [1]
 

 . It appears from the record that this was actually condition nine, not twelve, of probation.