PER CURIAM.
Defendant, Kosha Robinson, appeals the trial court’s revocation of his community control and resulting sentence. Finding no issue of arguable merit, we affirm the trial court’s order revoking Defendant’s community control. However, the trial court never entered a formal, written statement outlining the specific conditions Defendant was found to have violated, and instead only made a hand-written notation on the disposition order stating that the court found: “willful and substantial and material violations on allegations II[and] III.” This was insufficient, and we remand this case to the trial court for entry of a written order of revocation of community control, specifying the conditions Defendant was found to have violated. See M.A.L. v. State, 110 So.3d 493, 498 (Fla. 4th DCA 2013); A.T.J.F. v. State, 78 So.3d 57 (Fla. 4th DCA 2012); Cato v. State, 845 So.2d 250, 251 (Fla. 2d DCA 2003) (finding that if a formal written order does not exist, it is appropriate to “remand for entry of a proper order ”).
Further, we note that at the conclusion of the testimony the trial court’s oral pronouncement stated: “The standard before the Court is does it shock the conscience of the Court and preponderance of the evidence standard.” The Court went on to state: “[Defendant] shocked the conscience of the Court. It’s been proven by ... it’s been proven by the preponderance of the evidence on those two that I stated on the record.”
Although this statement amounted to harmless error in the context of this ease, we remind the trial court that the standard of proof for finding a violation of community control is whether the violation is established by a preponderance of the evidence. In other words, a trial court may revoke a defendant’s community control upon a determination that the “greater weight of the evidence supports a finding of a willful and substantial violation.” Dundas v. State, 891 So.2d 1178, 1179 (Fla. 2d DCA 2005). Whether or not the violation “shocks the conscience of the Court” is irrelevant to the ultimate finding.

Reversed and Remanded.

DAMOORGIAN, C.J., GROSS and KLINGENSMITH, JJ., concur.