IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

GENE E. RUTLAND,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2739

Opinion filed May 22, 2015.

An appeal from the Circuit Court for Duval County.
Tyrie W. Boyer, Judge.

Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender,
Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Lauren Brudnicki, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

The trial court revoked Appellant's probation for violation of two conditions; in particular, Condition 2: moving residences without prior approval. The only evidence Appellant moved came when Appellant's probation officer testified Appellant's mother told the probation officer Appellant had moved.

But a probation officer's hearsay testimony, by itself, that another person told him or her the probationer no longer lived at a residence is insufficient to support a change of residence violation; the cases are clear and legion. See, e.g., Smith-Curles v. State, 24 So. 3d 702, 702-03 (Fla. 1st DCA 2009) (reversing revocation of probation where only evidence of residence change was hearsay testimony by probation officer); Gary v. State, 987 So. 2d 180, 181 (Fla. 2d DCA 2008) (finding probation officer's hearsay testimony, that probationer's daughter stated probationer did not live at residence, insufficient—alone—to support change of residence violation). Nor does it matter Appellant was not home when the probation officer came to the residence; even when coupled with hearsay testimony Appellant moved. Gary, 987 So. 2d at 181. Simply, the State failed its burden to support Appellant's violation with competent evidence. See Smith-Curles, 24 So. 3d at 702-03. Appellant's violation of Condition 2 must be stricken.

But this does not end the inquiry, because the court found Appellant violated another condition of his probation; Appellant does not challenge this violation on appeal. As a result, if it is clear from the record the court would have revoked probation for the remaining violation and sentenced Appellant identically, this Court need not reverse the revocation or sentence. See Marzendorfer v. State, 16 So. 3d 957, 958 (Fla. 1st DCA 2009); Gary, 987 So. 2d at 181. And here, we find the court's overwhelming focus at the hearing was on Appellant's failure to report

to his probation officer or the probation office at all; this commanded the court's focus and attention. Further, the court sentenced Appellant to the scoresheet minimum, despite the multiple violations. Consequently, we find the record shows the court would have revoked Appellant's probation and sentenced Appellant identically upon the single violation.

The court's revocation of Appellant's probation is therefore affirmed, as is Appellant's 11.35 year sentence. But we remand to the trial court to strike the Condition 2 violation from its revocation order.

REVERSED in part, AFFIRMED in part, and REMANDED.

THOMAS, CLARK, and WETHERELL, JJ., CONCUR.