NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DARYL THOMAS MULLINS,                )
                                     )
            Appellant,               )
                                     )        Case Nos. 2D14-2800
v.                                   )                  2D14-2886
                                     )
STATE OF FLORIDA,                    )
                                     )        **<u>CONSOLIDATED</u>**
            Appellee.                )
_____      )

Opinion filed September 11, 2015.

Appeals from the Circuit Court for Lee
County; Edward J. Volz, Jr., Judge.

Howard L. Dimmig, II, Public Defender, and
Clark E. Green, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jessica Stephans,
Assistant Attorney General, Tampa, for
Appellee.


CASANUEVA, Judge.

          Daryl Thomas Mullins appeals the revocation of his probation and the

resulting sentence.  Mr. Mullins was found to have violated four conditions of his

probation after a hearing.  He argues, and the State properly concedes, that only

hearsay evidence was presented to support the violation of conditions three and nine,

and we remand for the trial court to strike these two violations from the revocation order. We affirm without discussion that part of the revocation order finding that Mr. Mullins violated conditions one and five.

Mr. Mullins was accused of violating condition three by failing to obtain the consent of his probation officer before changing his residence, and he was accused of violating condition nine by giving the probation officer false information when he was asked about his permanent residence. At the revocation hearing, Mr. Mullins' probation officer testified that she visited the address that Mr. Mullins had given her and that the owner of the residence, Vassy Crawford, told her that Mr. Mullins did not live there. The State properly concedes that this hearsay testimony was insufficient to prove the probation violations.

In determining whether a probationer willfully and substantially violated probation, the trial court must determine whether the State proved the allegations by the greater weight of the evidence. Savage v. State, 120 So. 3d 619, 621 (Fla. 2d DCA 2013). This court must determine if the trial court's finding is supported by competent, substantial evidence. Id. In Gary v. State, 987 So. 2d 180, 181 (Fla. 2d DCA 2008), the probation officer testified that she visited the appellant's house several times, that the appellant was never present, and that the appellant's adult daughter, who also lived at the home, said that the appellant had moved away. This court held that the fact that the appellant was not at home when the probation officer visited did not prove that the appellant had moved and that the hearsay evidence attributed to the appellant's daughter, standing alone, was insufficient to support the finding of a violation. Id. Similarly in the present case, the hearsay testimony of the probation officer was

insufficient to establish that Mr. Mullins had moved from the residence. We therefore strike that part of the revocation order finding that Mr. Mullins violated condition three of his probation by changing his residence without the permission of his probation officer and condition nine by failing to truthfully respond to his probation officer when he reported his permanent residence. However, we affirm the revocation of Mr. Mullins's probation because it is clear that the trial court would have revoked his probation based on the other two violations. See Bernier v. State, 951 So. 2d 21, 22 (Fla. 2d DCA 2007).

Accordingly, we affirm that part of the revocation order finding that Mr. Mullins violated conditions one and five of his probation. We remand for the trial court to enter an order of revocation that deletes the finding that Mr. Mullins violated conditions three and nine of his probation.

Affirmed; remanded with instructions.


MORRIS and SLEET, JJ., Concur.