LaROSE, Chief Judge.
Dwanquel Antonio Bryant appeals his probation revocation and resulting sentence. The trial court found that he committed multiple probation violations. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). We affirm the trial court's revocation and Mr. Bryant's sentence. But, as the State properly concedes, there was insufficient evidence to support revocation based upon a violation of condition three. Accordingly, we remand for entry of a corrected revocation order.
Condition three prohibited Mr. Bryant from changing residences without first obtaining his probation officer's consent. At the revocation hearing, Mr. Bryant's probation officer, Derrell Steven, testified that on two separate occasions he unsuccessfully tried to contact Mr. Bryant at his residence. Mr. Steven also testified that following his fruitless attempts to contact Mr. Bryant, he learned that deputies from the Hillsborough County Sheriff's Office had also previously attempted in vain *493 to serve an arrest warrant on Mr. Bryant at the same address. The State offered no other evidence to prove a violation of condition three.
In determining whether a probationer willfully and substantially violated probation, the trial court must determine whether the State proved the allegations by the greater weight of the evidence. Savage v. State, 120 So.3d 619, 621 (Fla. 2d DCA 2013). In reviewing the revocation order on appeal, "we first assess whether the finding of a willful and substantial violation is supported by competent substantial evidence." Id.
The evidence before us does not reach that threshold. In Gary v. State, 987 So.2d 180, 181 (Fla. 2d DCA 2008), the probation officer testified that she visited Ms. Gary's residence several times, that Ms. Gary was not present, and that Ms. Gary's adult daughter, who also lived at the home, reported that Ms. Gary had moved away. We held that "[t]he fact that the probation officer did not find Gary at home when she visited did not prove that Gary had moved"; the hearsay evidence from Ms. Gary's daughter, standing alone, was insufficient to support the finding of a violation. Id.; see also Crawford v. State, 982 So.2d 1, 2 (Fla. 2d DCA 2008) (stating that hearsay testimony from Crawford's sister that he no longer resided with her at his approved residence was legally insufficient to support probation revocation). Similarly, the trial court's basis for finding a violation of condition three was Mr. Steven's testimony that Mr. Bryant was not at his residence when he visited, coupled with hearsay evidence concerning the sheriff's office's efforts to serve an arrest warrant.
We find no error in the trial court's finding that Mr. Bryant violated conditions one, five, nine, and special condition eight. Nor do we conclude that these violations were not willful and substantial. Therefore, we affirm the revocation of Mr. Bryant's probation based on these violations. However, we remand for entry of a corrected order of revocation that omits any reference to a violation of condition three. Cf. Bernier v. State, 951 So.2d 21, 22 (Fla. 2d DCA 2007) (upholding order of revocation where record was "clear that the trial court would have revoked Bernier's probation based solely on the violation of [a single condition of probation]").
Further, we note that there is a scrivener's error in the revocation order, indicating two violations of condition one. One of these violations is actually a violation of special condition one, for which the State established a violation by competent, substantial evidence. Upon remand, the trial court shall enter an amended revocation order stating that Mr. Bryant violated conditions one, five, nine, and special conditions one and eight.
Affirmed; remanded with instructions.
BLACK and ROTHSTEIN-YOUAKIM, JJ., Concur.