# First District Court of Appeal
## State of Florida

_____

No. 1D2023-0256
_____

MICHAEL EDWARD HAND,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Calhoun County.
Brandon J. Young, Judge.

February 21, 2024

PER CURIAM.

The trial court adjudicated Appellant—a violent felony offender of special concern—guilty of selling methamphetamine, a second-degree felony, and placed him on probation. Appellant checked in with his probation officer the following day, but never again reported as instructed under condition 9 of his probation. He does not dispute this. It appeared also that Appellant had changed residences without permission in violation of condition 3, because he was not at his mother's address when his probation officer checked on him, and Appellant's mother said he had moved. The trial court found that Appellant had violated his probation on both grounds, revoked his probation, and sentenced him to 84 months in prison, a legal sentence.

Before us, Appellant argues that the evidence failed to support either basis for revoking probation. The State concedes that the evidence of changing residences without permission in violation of condition 3 cannot stand because it was based solely on Appellant's absence from the home when the probation officer visited, coupled with hearsay that he was no longer living there. We accept that concession of error. *See Rutland v. State*, 166 So. 3d 878, 878 (Fla. 1st DCA 2015) (holding "a probation officer's hearsay testimony, by itself, that another person told him or her the probationer no longer lived at the residence is insufficient to support a change of residence violation," even coupled with the probationer's absence when the officer visited). We remand for the trial court to strike this basis for revoking probation. *See id.* at 878–79. Appellant need not be present for this action.

We nevertheless affirm the judgment and sentence because competent, substantial record evidence supports the trial court's finding that Appellant willfully and substantially violated his probation by failing to follow reporting instructions. Significantly, the record also demonstrates that the trial court would have imposed the same sentence on this basis alone. The trial court's sentencing comments clearly emphasized Appellant's status as a violent felony offender, his history of failed probation, and specifically the current violation for failure to report:

> [T]his defendant was placed on supervision in February, he was released the second week of March of this year, and he did not report at any time to probation, other than the day that he was released or the day after that he was released from custody. He did not report any other time to probation. . . .
>
> The testimony is very clear that the defendant not only did not contact [the probation officer] the next day on March the 17th, but has contacted her at no point during the time that he's supposed to be on supervision and made himself unavailable to supervision.

This "overwhelming focus" on Appellant's repeated and clearly established failure to comply with the reporting requirements of his probation supports the conclusion that the

2

trial court would have imposed the same sentence without the alleged residence violation. *See Rutland*, 166 So. 3d at 878–79 (noting trial court's "overwhelming focus" at violation hearing on failure to report).

AFFIRMED as modified.

LEWIS, RAY, and KELSEY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Kristie Regan, Assistant Attorney General, Tallahassee, for Appellee.