COWART, Judge.
This case involves the discretion of a trial judge in revoking probation.
Defendant pled guilty to obtaining public assistance by fraud (§ 409.325(1), Fla. Stat.), and adjudication of guilt was withheld and she was, on October 1, 1979, placed on probation for four years and ordered to pay within that time $1,571 restitution as directed by her probation officer.
On September 29, 1983, two days before the probationary period was due to expire, a probation violation affidavit was filed alleging defendant had failed to pay $971 of the ordered restitution. At the probation violation hearing the restitution delinquency was acknowledged and the defendant testified as to her financial circumstances over the four year probationary period including as to her husband’s failure to pay support for three minor children, as to her usual expenses for food, rent, electricity, telephone, car payments, maintenance and gasoline and as to her various jobs and earnings. As usual there was not enough money for every need. Restitution of $290 was paid from 1979 through 1982 and $310 during 1983 leaving the balance of $971. The trial judge found that the probation had been violated and, after deliberation, revoked probation, adjudicated defendant guilty of the original offense and again placed her on probation for an additional three years ordering payment of the remaining restitution as well as payment of the public defender’s lien and monthly supervision costs.
Defense counsel argues on appeal that probation cannot be revoked for failure to make monetary payments unless there is evidence supporting a factual finding that *229 the probationer had the ability to pay and that the evidence does not support that conclusion in this case. It is also argued that the probation violation must be willful as well as substantial to support a revocation and that where a probationer has made reasonably good faith efforts to comply with probation conditions, a failure is not willful and the probation cannot be found to have been violated. Because the trial judge seemed most concerned that defendant should be given enough additional time to make restitution it is now argued that the trial judge should not have revoked the probation and adjudicated guilt but should have only modified and extended the term of probation.
We cannot agree with defendant’s arguments. The evidence clearly shows that during the initial four year probationary period the probationer possessed adequate money to pay the sum ordered as restitution and that she did not pay as ordered. Whether or not the probationer's use of her money for matters other than payment of restitution was to be considered justified or excusable was up to the discretion of the trial judge. In such circumstances it is generally held that the evidence is sufficient if it satisfies the conscience of the court that the probation was violated. See Evans v. State, 427 So.2d 1082 (Fla. 1st DCA 1983). When probation has been violated it is likewise within the judgment and discretion of the trial judge as to revoking, modifying, or continuing the probation, as to adjudication of guilt, and as to a proper disposition within the lawful alternatives available.
In making a sentencing disposition in a criminal case, within the alternatives provided by law, it is the responsibility of the sentencing judge to do justice. When justice requires that a poor person make restitution of ill-gotten gains, the sentencing judge has a tough job. He needs, and should have, authority and discretion as broad as his responsibility.
AFFIRMED.
COBB, C.J., and FRANK D. UP-CHURCH, Jr., J., concur.