934 So.2d 593 (2006)
Patrick ROGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-662.
District Court of Appeal of Florida, Fifth District.
July 21, 2006.
James F. Cummins, Inverness, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
LAWSON, J.
Patrick Rogan appeals the revocation of his probation based on the trial court's finding that he committed two new offenses, possession of cocaine and possession of a firearm by a convicted felon, and *594 the court's finding that he failed to pay the costs of his supervision. We affirm the revocation based on the trial court's finding that Rogan committed the new offenses. However, we reverse the revocation order as to the finding that Rogan violated his probation by failing to pay the required cost of supervision. Although Rogan raises several other legal issues, they are clearly frivolous and do not merit discussion.
With respect to Rogan's failure to fully pay his cost of supervision assessments in a prompt manner, the State failed to present evidence from which the court could find that Rogan had the ability to pay. Therefore, we reverse as to this finding of a violation. See Edwards v. State, 892 So.2d 1192 (Fla. 5th DCA 2005) ("The State carries the burden of proving by the greater weight of the evidence that a probationer has willfully and substantially violated . . . probation. When the violation is for failure to pay restitution or costs, the State must adduce evidence of. . . ability to pay to demonstrate willfulness." (citations omitted)).
With respect to the two new possession charges, the State presented evidence that Rogan was driving a small pick-up truck when he was pulled over for driving through an intersection without stopping at a stop sign. A female passenger, Rogan's wife, was the only other occupant of the vehicle. When a trained canine alerted officers to the presence of drugs in the vehicle, officers searched the vehicle and found a sock full of cocaine and a handgun. Both objects were found behind the single bench seat in the truck's cab, closest to the driver's side of the vehicle and immediately adjacent to one another.
Upon discovery of the cocaine and handgun, Rogan was arrested. He was told that he was being arrested for drugs found in the vehicle. Although Rogan claimed to have no knowledge of the cocaine or where it came from, he also spontaneously stated that its weight exceeded 28 grams, and that he would therefore be going to prison for trafficking. The officers had not yet weighed the cocaine and had not said anything to Rogan about the amount of cocaine seized.[1] Therefore, Rogan's spontaneous statement to the arresting officers clearly constitutes competent and substantial evidence supporting the trial court's finding that Rogan had knowledge of the cocaine. Because the cocaine and handgun were found together, Rogan's statement also supports the trial court's finding that Rogan had knowledge of the presence of the handgun. See State v. Bell, 882 So.2d 468, 471 (Fla. 5th DCA 2004) (recognizing that in a constructive possession case, the state can prove knowledge of presence of drugs and ability to maintain control over them by presenting evidence of actual knowledge or evidence of incriminating statements and circumstances from which the trier of fact may lawfully infer the requisite knowledge) (citing Goin v. Comm'n on Ethics, 658 So.2d 1131 (Fla. 1st DCA 1995)).
Because the new crimes constitute substantial probationary violations, we affirm the revocation and reverse only as to the finding of a monetary condition violation. Cf. Mitchell v. State, 871 So.2d 1040, 1042 (Fla. 2d DCA 2004) (recognizing that when an appellate court reverses a violation of community supervision, it need not remand for reconsideration of the revocation when the remaining violations are substantial).
*595 AFFIRMED IN PART; REVERSED IN PART.
PLEUS, C.J., and GRIFFIN, J., concur.
NOTES
[1] The arresting officers testified that they weighed the cocaine after they booked Rogan into jail. It weighed approximately 29.5 grams.