942 So.2d 981 (2006)
Donna Sue BALLIEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-3698.
District Court of Appeal of Florida, Fifth District.
December 1, 2006.
James S. Purdy, Public Defender, and Ailene S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Donna Sue Ballien appeals her judgment and sentence which were entered by the trial court after she was found guilty of violating her probation. Concluding that there was insufficient evidence to support a finding that Ballien willfully violated her probation, we reverse.
Ballien pled nolo contendere to charges of forgery and uttering a forged check. She was sentenced to a term of three years of probation. As part of her plea agreement, Ballien was ordered to complete 100 hours of community service.
In a separate case, Ballien pled nolo contendere to the charge of deposit with intent to defraud. The trial court sentenced Ballien to a term of three years of probation. As part of her restitution order, Ballien was ordered to complete 100 hours of community service.
Subsequently, the trial court modified Ballien's orders of probation in both cases and converted the costs and fines associated with both cases to community service hours. Three months later, the Department of Corrections filed a violation of probation affidavit alleging that Ballien was in violation of her probation due to her failure to complete community service hours as directed by her probation officer.
Ballien filed a motion to dismiss the affidavit arguing that it failed to state grounds under which her probation could be violated because Ballien believed she had until the end of her probationary period to complete her community service hours. The trial court conducted a hearing on the motion. During the hearing, Ballien argued that she should have the entire term of her probation in which to complete her community service hours because the trial court did not specifically state she had to complete a certain amount *983 of community service each month. The State argued that, because Ballien's cost of supervision was due every month, she could be violated for not performing community service hours each month.
The trial court denied Ballien's motion to dismiss. Thereafter, Ballien pled guilty to violating her probation, expressly reserving the right to appeal the trial court's denial of her motion to dismiss. Both parties agreed that Ballien's motion was dispositive. The trial court adjudicated Ballien guilty, revoked the previous orders of probation, and ordered her to serve a term of two years of community control. This appeal timely followed.
Ballien argues that the trial court erred in denying her motion to dismiss because the State failed to meet its burden of proving that she willfully and substantially violated her probation. We agree.
The State bears the burden of proving a willful and substantial violation of probation by competent evidence. Stewart v. State, 926 So.2d 413 (Fla. 1st DCA 2006). Here, the trial court's probation order never set forth how many community service hours Ballien was required to complete monthly in lieu of paying her monthly costs. Nor did the State present testimony from Ballien's probation officer that he had instructed her as to how many hours of community service she was required to complete each month.[1] Therefore, the State failed to meet its burden of proving that Ballien willfully and substantially violated her probation. See Pollard v. State, 930 So.2d 854 (Fla. 2d DCA 2006)(holding the omission from a probation order of a specified date by which a probationer is required to complete a particular task as a condition of probation combined with the fact that the probation is not at the end of his probationary period results in the State's inability to prove a willful and substantial violation of the condition).
Accordingly, Ballien's adjudication order is reversed.
REVERSED.
THOMPSON and TORPY, JJ., concur.
NOTES
[1] Because of our disposition in this matter, we do not reach the issue of whether the probation officer could determine the number of hours required on a monthly basis in the absence of a court order designating the number.