MONACO, C.J.
 

 The appellant, Julie Limbaugh, appeals the trial court’s order finding that she violated her probationary placement, revoking probation, and placing her on an additional 10 years of probation. Because there is an absence of evidence and of a judicial finding that the probationer had the ability to pay, we reverse.
 

 An extensive exposition of the facts is unnecessary for an understanding of our disposition of this case. Suffice it to say that Ms. Limbaugh’s probation was conditioned, among other things, upon her payment of a monthly restitution amount, as well as the cost of her supervision, court costs and fines. At the time of her hearing for violation of probation she was behind on both species of payments, and was violated solely for failure to make those payments.
 

 The evidence produced by the State reflected that while she was employed, Ms. Limbaugh consistently made the required payments. After she got pregnant, however, she developed a condition known as placenta previa, and was compelled to relinquish her job. She thereafter made no further payments. Other than the payment issue, Ms. Limbaugh was doing everything else that was required on probation.
 

 There was virtually no evidence adduced by the State concerning Ms. Limbaugh’s ability to pay her costs and restitution.
 
 *955
 
 Despite this void in the evidence, the trial court found that she violated her probation, and placed her on an additional term of ten years probation.
 

 We review a trial court’s determination that a defendant willfully and substantially violated his or her probation using an abuse of discretion standard.
 
 Garity v. State,
 
 970 So.2d 500, 502 (Fla. 5th DCA 2007). The State has the burden to prove by a preponderance of the evidence that the defendant violated a condition of probation willfully and substantially.
 
 Ballien v. State,
 
 942 So.2d 981, 983 (Fla. 5th DCA 2006) (citing
 
 Stewart v. State,
 
 926 So.2d 413 (Fla. 1st DCA 2006));
 
 Lawson v. State,
 
 941 So.2d 485, 488 (Fla. 5th DCA),
 
 approved,
 
 969 So.2d 222 (Fla.2007). It is well-established that where the violation alleged by the State is a failure to pay costs or restitution, there must be evidence presented, and a finding of the trial court that the probationer had the ability to pay, but willfully did not do so.
 
 Shepard v. State,
 
 939 So.2d 311, 314 (Fla. 4th DCA 2006) (citing
 
 Warren v. State,
 
 924 So.2d 979, 980-81 (Fla. 2d DCA 2006));
 
 see also Rogan v. State,
 
 934 So.2d 593, 594-95 (Fla. 5th DCA 2006);
 
 Osta v. State,
 
 880 So.2d 804 (Fla. 5th DCA),
 
 dismissed,
 
 886 So.2d 227 (Fla.2004). Here, there is simply no evidence to underpin the violation.
 

 Accordingly, we reverse the finding of violation of probation, and remand for further proceedings consistent with this opinion.
 

 REVERSED and REMANDED.
 

 GRIFFIN and ORFINGER, JJ., concur.