PER CURIAM.
Appellant challenges the final judgment revoking his probation. Because the State relied exclusively on hearsay evidence to prove the violations of conditions one and three, and it failed to prove a willful violation of condition two, we reverse.
Appellant was accused of a violation of conditions one and three based on the factual allegation that he changed his residence without permission and falsely reported his residence to his probation officer. He denied that he had moved, maintaining that he still resided with his cousin at the approved residence. The State attempted to prove the violation through the testimony of the probation officer. However, his knowledge was based solely on hearsay without any independent corroboration. Although the trial court was correct in admitting the evidence over a hearsay objection, it erred in finding that this evidence was sufficient, standing alone, to support the finding that Appellant violated these conditions.
The trial court also erred in concluding that Appellant violated condition two of his probation for failing to pay costs and restitution because the trial court made no finding (and the evidence was lacking) that Appellant willfully failed to pay. Limbaugh v. State, 16 So.3d 954 (Fla. 5th DCA 2009). On remand, the trial court should reinstate the probation or *756 impose non-prison sanctions pursuant to section 948.06(5), Florida Statutes (2010).
REVERSED AND REMANDED.
ORFINGER, C.J., TORPY and JACOBUS, JJ., concur.