IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DAVELL KAVON KNIGHT,

      Appellant,

v.

      Case No. 5D15-2028

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 4, 2016

Appeal from the Circuit Court
for Osceola County,
A. James Craner, Judge.

James S. Purdy, Public Defender, and
Craig R. Atack, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Nora Hutchinson Hall,
Assistant Attorney General, Daytona
Beach, for Appellee.

LAMBERT, J.

Appellant, Davell Kavon Knight ("Knight"), appeals an order revoking his probation

following a nonjury trial. Knight argues that the trial court erred in finding that he willfully

violated probation because the evidence elicited at trial substantiated his defense of

necessity. We conclude that the court did not abuse its discretion in revoking Knight's

probation because the competent substantial evidence at trial supports the court's finding that Knight willfully violated his probation. Accordingly, we affirm.

Pursuant to an earlier plea agreement, Knight was adjudicated guilty of robbery by sudden snatching and was placed on a two-year term of probation. Approximately three months later, Knight was charged with violating probation by committing the criminal offense of possession of a firearm by a convicted felon.[1]

At a violation of probation trial, "[t]he State has the burden to prove by a preponderance of the evidence that the defendant violated a condition of probation willfully and substantially." *Limbaugh v. State*, 16 So. 3d 954, 955 (Fla. 5th DCA 2009) (citing *Ballien v. State*, 942 So. 2d 981, 983 (Fla. 5th DCA 2006) (additional citation omitted)). This burden of proof is interchangeably described as the greater weight of the evidence standard. *See Savage v.* State, 120 So. 3d 619, 621 (Fla. 2d DCA 2013) (citing *Hanania v.* State, 855 So. 2d 92, 94 (Fla. 2d DCA 2003) (additional citations omitted)).

Section 790.23(1)(a), Florida Statutes (2014), makes it unlawful for any person convicted of a felony to have in his care, custody, or control any firearm. At trial, Knight conceded that he was both a convicted felon and in possession of a firearm. Nevertheless, Knight asserted that he did not willfully violate his probation by possessing the firearm based upon the affirmative defense[2] of necessity.

---

[1] Condition five of Knight's probation required that he not violate any laws. Knight was also charged with violating other conditions of his probation, but the State did not pursue these violations.

[2] "An 'affirmative defense' is any defense that assumes the complaint or charges to be correct but raises other facts that, if true, would establish a valid excuse or justification or a right to engage in the conduct in question." *State v. Cohen*, 568 So. 2d 49, 51 (Fla. 1990).

The necessity defense, oftentimes referred to as the justification defense, recognizes "that there may be circumstances under which a convicted felon's possession of a firearm would be justified and his conduct declared not criminal." *Marrero v. State*, 516 So. 2d 1052, 1054 (Fla. 3d DCA 1987) (footnotes omitted). The essential elements of the defense of necessity are that:

> (1) the defendant reasonably believed that his action was necessary to avoid an imminent threat of death or serious bodily injury to himself or others, (2) the defendant did not intentionally or recklessly place himself in a situation in which it would be probable that he would be forced to choose the criminal conduct, (3) there existed no other adequate means to avoid the threatened harm except the criminal conduct, (4) the harm sought to be avoided was more egregious than the criminal conduct perpetrated to avoid it, and (5) the defendant ceased the criminal conduct as soon as the necessity or apparent necessity for it ended.

*Bozeman v. State*, 714 So. 2d 570, 572 (Fla. 1st DCA 1998) (citing *Marrero*, 516 So. 2d at 1054 (additional citations omitted)).

Knight testified at trial that he and various members of his family, including small children, were inside his home when a group of armed men came uninvited to the home, banging on Knight's garage door in a threatening manner. Knight testified that he asked the men to leave, but they refused to do so. Knight then went back into his home and emerged with a firearm. Gunshots were fired, and, although there was a conflict in the evidence as to whether Knight or one of the men in the group fired the shots, Knight testified that he went back inside his home and, thereafter, threw the firearm over his neighbor's fence.

The court also heard testimony from two of Knight's sisters who were present at Knight's home when this incident occurred, as well as testimony from one of the

3

individuals who was outside Knight's house that evening and who denied that anyone in the group was in possession of a firearm. Having considered all of the testimony and evidence, the trial court specifically found that the first three elements of the necessity defense had not been established and that the greater weight of the evidence established that Knight was in violation of his probation.

As a reviewing court, we are tasked with determining whether the trial court's finding of a willful and substantial violation of probation is supported by competent substantial evidence. *Savage*, 120 So. 3d at 621 (citations omitted). Competent substantial evidence has been defined by the Florida Supreme Court as "such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred." *Id*. at 622 (quoting *De Groot v. Sheffield*, 95 So. 2d 912, 916 (Fla. 1957)). An appellate court defers to the trial court's evaluation of the evidence and its factual findings, recognizing that the trial court is in the best position to "weigh the testimony and evidence based upon its observation of the bearing, demeanor and credibility of the witnesses . . . ." *Shaw v. Shaw*, 334 So. 2d 13, 16 (Fla. 1976); *see also First Am. Farms, Inc. v. Marden Mfg. Co.,* 255 So. 2d 536, 540 (Fla. 1st DCA 1971) ("It is not the province of an appellate court to reevaluate conflicting evidence introduced at the trial or to say what it would have done had it been sitting as a trier of the facts." (quoting *Carolina Lumber Co. v. Daniel*, 97 So. 2d 156, 158 (Fla. 1st DCA 1951))). Applying this deferential standard, we conclude, without further elaboration, that competent substantial evidence supports the trial court's order revoking probation.

Section 948.06(2), Florida Statutes (2014), provides the trial court with the authority and discretion to revoke, modify, or continue probation once the court has found

a violation.  *See also Brown v. State*, 455 So. 2d 635, 635–36 (Fla. 5th DCA 1984) (holding that when the trial court has found a violation of probation by the greater weight of the evidence, "the decision as to whether or not to revoke the [defendant's] probation is within the discretion of the trial judge" (citing *Harris v.* State, 453 So. 2d 228 (Fla. 5th DCA 1984))).  We review a trial court's decision to revoke probation under the familiar abuse of discretion standard described in *Canakaris v. Canakaris*, 382 So. 2d 1197 (Fla. 1980); that is "[i]f reasonable [persons] could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion."  382 So. 2d at 1203.  We find no abuse of discretion in the trial court's decision to revoke Knight's probation.

Lastly, our review of the record indicates that the written order on appeal does not set forth the specific condition of probation which was violated.  We therefore remand this matter for the entry of a proper order specifying the condition of probation violated.  *See Perez v. State*, 958 So. 2d 1076, 1076 (Fla. 5th DCA 2007).

AFFIRMED; REMANDED for entry of proper order.

PALMER and ORFINGER, JJ., concur.