IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

AMERICA HERNANDEZ,

   Appellant,

 v.            Case No.  5D17-2687

STATE OF FLORIDA,

   Appellee.

_____/

Opinion filed July 20, 2018

Appeal from the Circuit Court
for Seminole County,
Donna L. McIntosh, Judge.

James S. Purdy, Public Defender, and
Kathryn Rollison Radtke, Assistant
Public Defender, Daytona Beach, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison Leigh Morris,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

  America Hernandez (the defendant) appeals the trial court's order revoking her

community control based on its finding that she substantially and willfully violated

conditions 3 and 9 of her community control. We affirm as to condition 9, but reverse on

condition 3 and remand for further proceedings.

The defendant was convicted on a charge of arson of a dwelling and was placed on community control. The community control order contained a number of conditions, including that the defendant could not change her residence without obtaining the consent of her supervising officer (condition 3) and that she must comply with all instructions given to her by her supervising officer (condition 9).

The defendant was charged with violating conditions 3 and 9. After holding an evidentiary hearing on the charged violations, the trial court entered a written order, finding that the defendant had violated condition 3 by changing residences without the consent of her community control officer and that she had violated condition 9 by failing to contact her community control officer the day she left her former residence. Ultimately, the trial court sentenced the defendant to 10 years in prison with credit for time served, and this appeal followed.

The defendant contends that there was no competent substantial evidence to support the trial court's finding that she willfully violated conditions 3 and 9. We agree as to condition 3, but disagree as to condition 9.

At a revocation hearing, the State has the burden to prove by a preponderance of the evidence that the defendant violated a condition of supervision willfully and substantially. Knight v. State, 187 So. 3d 307, 309 (Fla. 5th DCA 2016). When a defendant challenges the sufficiency of the State's evidence, we review the record to determine if competent substantial evidence supports the trial court's finding of a willful and substantial violation. Id.

As to condition 3, the State did not introduce any evidence that the defendant failed to request permission to change her residence or that such permission was denied. In

fact, the day before leaving the hotel where she resided, she apprised her community control officer that she lacked the finances to continue staying there. In response, the community control officer told her simply that she needed to apprise him of her new residence. However, as to condition 9, the State's evidence was sufficient to establish a willful violation.

Because the record does not reveal whether the trial court would have revoked the defendant's community control and imposed a sentence of 10 years in prison based solely on the violation of condition 9 listed in the order, we remand for reconsideration. See McDoughall v. State, 133 So. 3d 1097, 1100 (Fla. 4th DCA 2014); Eubanks v. State, 903 So. 2d 1005, 1006 (Fla. 2d DCA 2005).

AFFIRMED in part; REVERSED in part; REMANDED


SAWAYA, PALMER and TORPY, JJ., concur.