# Third District Court of Appeal

## State of Florida

Opinion filed April 16, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2052
Lower Tribunal Nos. F07-12762, F13-10286

_____

**Abelado Cervantes,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before EMAS, FERNANDEZ and MILLER, JJ.

PER CURIAM.

Abelado Cervantes appeals the trial court's order revoking his probation. He argues, in part, that the trial court's written order does not conform to the trial court's oral pronouncements made at the revocation hearing. The State concedes that the written order included the new law violations for committing the offence of petit theft on May 28, 2023, but the State had announced at the hearing it was not proceeding on this offense. In addition, the State admits that the written order includes the violation for failing to pay the costs of supervision (probation conditions 2 and 9), which the trial court found were not proven.

Accordingly, based on a review of the record and the State's appropriate concession of error, we affirm the revocation in all respects but remand with instructions that the April 17, 2024 written order of revocation be corrected regarding these two discrepancies so that it conforms with the trial court's oral pronouncements made at the October 16, 2023 hearing. See Mangini v. State, 302 So. 3d 1058, 1059 (Fla. 5th DCA 2020) (stating that a trial court's findings that a defendant willfully and substantially violated a condition of his or her probation must be supported by competent substantial evidence); Knight v. State, 187 So. 3d 307, 310 (Fla. 5th DCA 2016) (providing that the standard of review for a trial court's decision to revoke probation is abuse of discretion); Barber v. State, 207 So. 3d 379, 384 (Fla.

5th DCA 2016) (finding that in making a dangerousness determination, a trial court's findings must be based on **one or more** of the factors listed in section 948.06(8)(e)(1)(a)-(e), Fla. Stat. (2024)); <u>Rowan v. State</u>, 396 So. 2d 634, 635 (Fla. 6th DCA 2024) (affirming that oral pronouncement of a sentence controls over the written sentencing document).

Affirmed in part, reversed in part, and remanded with instructions.